JOSEPH D. CAPUTO, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 82—500

Opinion filed March 7, 1983.

.J. Peter Dowd, of Jacobs, Burns, Sugarman & Orlove, of Chicago, for appellant.

Stanley Garber, Corporation Counsel, and Jeremiah Marsah, John L. Conlon, and Rebecca R. Pallmeyer, all of Hopkins & Sutter, both of Chicago (Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff appeals from the denial of his motion for attorney fees filed under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. sec. 1988 (1976)). On appeal, plaintiff contends (1) the motion for fees was timely filed; (2) the trial court abused its discretion in denying the motion; and (3) the amount of fees was not excessive.

We affirm.

Plaintiff Joseph Caputo was employed by the city of Chicago as a traffic maintenance supervisor in the Department of Streets and Sanitation. On August 27, 1981, he was discharged from his employment without notice or a hearing. On September 16, 1981, plaintiff filed an action seeking reinstatement. His complaint alleged that he should not have been discharged without notice and a hearing because the Chicago Municipal Code and Personnel Rules grant these rights to career service employees and the Federal Civil Rights Act of 1971 prohibits deprivation, under color of State law, of any citizens privileges and rights secured by the United States Constitution or Federal law.

Plaintiff returned to work on September 17, 1981, pursuant to a temporary restraining order entered by the trial court. After a hearing on November 25, 1981, the trial court entered an order finding that under the Municipal Code of the city of Chicago, plaintiff could not be deprived of his employment status without notice and a hearing. The order entered by the trial court also provided that other relief requested by Caputo was denied. The order was made final and appealable.

Within 30 days of the entry of the order, plaintiff filed a motion requesting that defendants be ordered to reimburse plaintiff for wages and benefits lost between the time of his discharge and reinstatement and to pay costs, including reasonable attorney fees, as allowed by the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. sec. 1988 (1976)). The trial court granted that part of the motion pertaining to lost wages and benefits. However, plaintiff's request for attorney fees was denied on the ground that it was not timely filed. The trial court believed the matter should have been raised and evidence presented thereon during the hearing on the merits.

First, plaintiff contends his motion was timely filed. Defendants concede that on the basis of *White v. New Hampshire Department of Employment Security* (1982), 455 U.S. 445, 71 L. Ed. 2d 325, 102 S. Ct. 1162, the trial court's finding on this issue was erroneous. It is clear in *White* that motions filed under 42 U.S.C. sec. 1988 (1976) may be filed after the resolution of the case. Thus, the trial court's denial of plaintiff's motion for fees cannot be upheld on this basis.

Plaintiff next contends that the trial court abused its discretion in denying his motion for fees. He argues that under 42 U.S.C. sec. 1988 (1976), attorney fees are broadly available in actions brought in State and Federal courts against State officials and administrators for violations of Federal statutory and constitutional rights and should be

granted almost as a matter of course. In support of this argument, he cites *Bond v. Stanton* (7th Cir. 1980), 630 F.2d 1231, *Brown v. Stanton* (7th Cir. 1980), 617 F.2d 1224, and *Dawson v. Pastrick* (7th Cir. 1979), 600 F.2d 70. Additionally, plaintiff contends that under *Maher v. Gagne* (1980), 448 U.S. 122, 65 L. Ed. 2d 653, 100 S. Ct. 2570, fees may be awarded for prevailing on his statutory, non-civil-rights claim because the claim was pendent to a Federal constitutional claim.

Initially, we note that the trial court did not consider this issue in ruling on plaintiff's motion. However, our affirmance of the trial court's ruling is based on this issue and is proper if the ground appears in the record, regardless of the actual findings and rulings of the trial court. *Stach v. Sears, Roebuck & Co.* (1981), 102 Ill. App. 3d 397, 429 N.E.2d 1242.

■ Returning to the issue raised by plaintiff, we acknowledge that in the cases cited by him, attorney fees were awarded to claimants even though the actions were not actually decided on constitutional grounds. But we find they do not support an award of fees in this case. In *Bond v. Stanton* and *Brown v. Stanton*, the claimants brought actions against the Indiana State Department of Public Welfare under 42 U.S.C. sec. 1983 (1976) and alleged that defendant's actions violated the Federal Social Security Act (42 U.S.C. sec. 1396 *et seq.* (1976)). The cases were decided on Federal statutory rather than constitutional grounds, but the courts held that the Fees Act was intended to extend to statutory claims asserted under 42 U.S.C. sec. 1983 (1976). Similarly, in *Dawson v. Pastrick*, plaintiffs claimed that defendant's conduct violated the thirteenth and fourteenth amendments (42 U.S.C. secs. 1981, 1982 (1976)) and title VII of the Civil Rights Act of 1964 (42 U.S.C. sec. 2000e (1976)). Although a consent decree was entered without a finding regarding violations of plaintiff's constitutional rights, the court nonetheless held that attorney fees should have been awarded because the action was brought to enforce a Federal right under 42 U.S.C. sec. 1981 (1976). Also, in *Maher v. Gagne*, the court held that fees may be awarded under 42 U.S.C. sec. 1988 (1976) when claimants prevail in an action through settlement and constitutional issues remained in the case until the dispute was settled.

The distinguishing features of the aforementioned cases are that they either were decided on Federal statutory grounds or were actions filed to enforce Federal constitutional or Federal statutory rights. None involved claims based on State or local law as does the case at bar. Certain claims alleging deprivations of Federal statutory rights may be filed in State courts and fees authorized under 42

U.S.C. sec. 1988 (1976) are an appropriate part of the remedy in such cases. (*Maine v. Thiboutot* (1980), 448 U.S. 1, 65 L. Ed. 2d 555, 100 S. Ct. 2502.) However, even in *Maine*, the action was decided on Federal statutory grounds. In view of these distinctions, we find that our State courts should award attorney fees under 42 U.S.C. sec. 1988 (1976) only in the following instances: (1) where Federal statutory or constitutional law is the basis for a decision in favor of a claimant, or (2) where Federal law remains intimately involved in the case until a settlement or consent decree is entered into.

■ The case at bar was decided solely on the basis of the Municipal Code of the city of Chicago. Our review of the record reveals the plaintiff presented no evidence regarding the alleged violation of his constitutional rights and the constitutional question was not considered by the trial court in resolving the controversy. Under similar circumstances, the court in *Bastian v. Personnel Board* (1982), 108 Ill. App. 3d 672, 439 N.E.2d 142, found that an award of attorney fees under 42 U.S.C. sec. 1988 (1976) was not warranted. Furthermore, the trial court actually entered a finding against plaintiff on his Federal constitutional claim. Thus, we find no basis for the award of fees to plaintiff under the Civil Rights Attorney's Fees Awards Act of 1976 and find no error in the trial court's ruling on plaintiff's motion.

■ We further note the general rule in Illinois regarding recovery of attorney fees is that such fees are not recoverable unless permitted by statute or a contractual agreement. (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859; *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524.) Plaintiff has not alleged that attorney fees are recoverable in this case under either of these means, nor have we found any basis for such recovery.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and CAMPBELL, JJ., concur.