Daniel DeNARDO, Appellant,

v.

**MUNICIPALITY OF ANCHORAGE and Brian Porter, Appellees.**

No. S-2778.

Supreme Court of Alaska.

May 26, 1989.

Rehearing Denied June 29, 1989.

Daniel DeNardo, Anchorage, pro se.

Mary A. Gilson, Asst. Mun. Atty., Richard D. Kibby Mun. Atty., Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE and COMPTON, JJ.

## OPINION

COMPTON, Justice.

Daniel DeNardo appeals the dismissal of his civil rights action against the Municipality of Anchorage (Municipality) and Police Chief Brian Porter (Chief Porter). DeNardo sued the Municipality, alleging violations of his civil rights under 42 U.S.C. § 1983. Superior Court Judge Milton M. Souter granted the Municipality's motion for summary judgment, dismissed DeNardo's action, and awarded the Municipality attorney fees.

### I. FACTS AND PROCEEDINGS

DeNardo was issued four traffic citations by Municipal police officers in 1981. He challenged the validity of these citations by filing an Emergency Writ of Prohibition in superior court after arrest warrants based on the citations had been issued by the district court. In his Emergency Writ of Prohibition, DeNardo claimed that the district court lacked jurisdiction over these traffic offenses because the police officers issuing the citations had not subscribed to the oath of public office required by article XII, section 5 of the Alaska Constitution. The superior court denied the Emergency Writ of Prohibition, concluding that peace officers were not public officers within the context of article XII,

section 5.[1] DeNardo did not appeal this decision.

DeNardo then filed a civil rights action under 42 U.S.C. § 1983[2] in the United States District Court, District of Alaska. This action challenged the same four citations and was based on the same claim that article XII, section 5 had not been complied with. This action was dismissed under the doctrines of res judicata and collateral estoppel. The dismissal was affirmed by the United States Court of Appeals for the Ninth Circuit. *DeNardo v. Cook*, 772 F.2d 911 (9th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 919 (1986).

DeNardo was issued one traffic citation in 1984 and two in 1985, in each instance by Municipal police officers. He was convicted in district court of these violations. He appealed the convictions to the superior court on the same grounds that he had challenged the citations issued in 1981, *i.e.*, that the Municipal police officers had not complied with article XII, section 5 of the Alaska Constitution. The superior court concluded that Municipal police officers were public officers; however, the court further concluded that the oral oath taken by the police officers was within the definition of "subscribe." The court held that the citations[3] were valid.

DeNardo filed this action under 42 U.S.C. § 1983 against the Municipality of Anchorage and Chief Porter. He alleged that his fourteenth amendment due process[4] rights had been violated by the Municipality in the following manner: The Municipality had a policy which allowed police officers who had not subscribed in writing to an oath of public office to issue traffic citations, that this policy was contrary to article XII, section 5 of the Alaska Constitution, thereby depriving him of lawful notice, and that he was, therefore, deprived of due process of law when he was incarcerated under arrest warrants based upon the traffic citations. He sought injunctive relief, a declaratory judgment and damages in excess of $1,000,-000.

The Municipality asserted various affirmative defenses and moved for summary judgment. In granting the Municipality's motion, the superior court remarked that this issue had been litigated between these parties on three occasions, and that the Municipality had prevailed each time. The superior court dismissed the present suit under the doctrines of res judicata and collateral estoppel.

DeNardo sought reconsideration, which was denied. Final judgment dismissing the suit and awarding attorney fees to the Municipality was entered. DeNardo timely appealed the dismissal and the award of attorney fees.

## II. DISCUSSION

### A. THE TRIAL COURT DID NOT ERR IN DISMISSING DENARDO'S SUIT BASED ON PRINCIPLES OF RES JUDICATA AND COLLATERAL ESTOPPEL.

1. Article XII, section 5 of the Alaska Constitution provides:

   All public officers, before entering upon the duties of their offices, shall take and subscribe to the following oath or affirmation: "I do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of Alaska, and that I will faithfully discharge my duties as ........... to the best of my ability." The legislature may prescribe further oaths or affirmations.

2. 42 U.S.C. § 1983 provides in part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. DeNardo initiated the instant action after these citations had been issued, but before the appeal addressing the same issue had been decided.

4. The fourteenth amendment in part provides:

   No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

DeNardo argues that the Municipality's failure to require its police officers to subscribe to an oath as required by article XII, section 5 of the state constitution means that they are not public officers. He concludes that because only public officers can serve lawful notice, his traffic citations and subsequent incarceration deprived him of due process of law.

The Municipality responds that the superior court correctly applied the doctrines of res judicata and collateral estoppel to this action, since this claim has been litigated at least two previous times by these parties.

Res judicata bars the relitigation of the same claim between the same parties and their privies when (1) a court of competent jurisdiction, (2) has rendered final judgment on the merits, and (3) the same cause of action and same parties or their privies were involved in both suits. *Blake v. Gilbert*, 702 P.2d 631, 634–35 (Alaska 1985).

Collateral estoppel is a related doctrine. It operates to preclude relitigation of issues when the issues "have been actually litigated and determined in the first action by a valid and final judgment, and the determination must have been essential to the judgment. When an issue is properly raised by the pleadings or otherwise, is submitted for determination, and is determined, the issue is actually litigated...." *Bignell v. Wise Mechanical Contractors*, 720 P.2d 490, 494 (Alaska 1986) (citation omitted).

Collateral estoppel likewise bars relitigation of issues erroneously decided in the first case. *DeNardo v. State*, 740 P.2d 453, 457 (Alaska 1987), *cert. denied*, — U.S. ——, 108 S.Ct. 277, 98 L.Ed.2d 239 (1987). The preclusive effect of this doctrine applies even where constitutional issues were decided incorrectly. *See Buckeye Indus., Inc. v. Secretary of Labor*, 587 F.2d 231, 234 (5th Cir.1979).

■ Collateral estoppel precluded the instant action. At the time he instituted this action, DeNardo was litigating the issue of the Municipality's compliance with article XII, section 5 in his appeal against the Municipality.[5] The issue raised in this case was actually litigated and determined by a valid and final judgment in the appeal, and the determination was essential to that judgment. The final judgment in the appeal was rendered before the summary judgment motion in this case was filed. The same analysis warrants dismissal of the present action against Chief Porter.

■ Prior judgments can be collaterally attacked if they are void. *Holt v. Powell*, 420 P.2d 468, 471 (Alaska 1966). A judgment is void where the court was without subject matter or personal jurisdiction,

> or where the defendant was not given proper notice of the action and opportunity to be heard, or where the judgment was not rendered by a duly constituted court with competency to render it, or where there was a failure to comply with such requirements as are necessary for the valid exercise of power by the court.

*Id.* (Citations omitted). None of these circumstances are present in this case.

The superior court correctly applied the doctrine of collateral estoppel.

## B. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO THE MUNICIPALITY.

DeNardo contends that because his action is an action to enforce the provisions of 42 U.S.C. § 1983, the superior court ought to have applied 42 U.S.C. § 1988[6] in considering the Municipality's request for attorney fees. He contends that the court erred in awarding the Municipality $550 in attorney fees under the Alaska Civil Rules.[7]

---

5. We need not determine whether DeNardo's prior federal action and the state action preceding it would also result in collateral estoppel.

6. 42 U.S.C. § 1988 provides in part:

   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–

318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

7. Civil Rule 82(a)(2) in part states:
   (a) Allowance to Prevailing Party.

42 U.S.C. § 1988 provides, in part, that in any action to enforce a provision of 42 U.S.C. § 1983 the court may, in its discretion, allow a prevailing plaintiff reasonable attorney fees as part of the costs. Congress' purpose in enacting this provision was to encourage private attorneys general to enforce fundamental constitutional rights. *Riddell v. National Democratic Party*, 624 F.2d 539, 543 (5th Cir.1980). Though section 1988 does not speak explicitly to the propriety of awarding attorney fees to prevailing *defendants*, Congress left no room for doubt as to its intent:

> [Plaintiffs] should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose. Such a party, if unsuccessful, could be assessed his opponent's fee only when it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes.

S.Rep. No. 1011, 94th Cong., 2nd Sess. 4 (1976) (citations omitted), *reprinted in* 1976 U.S.Code Cong. & Admin.News at 5912. The United States Supreme Court has enforced this intent, holding that a civil rights defendant may recover attorneys fees from the plaintiff only if the court finds "that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657 (1978)).

▮ Section 1988 applies to actions in state court. *Maine v. Thiboutot*, 448 U.S. 1, 9, 100 S.Ct. 2502, 2506, 65 L.Ed.2d 555, 562 (1980); *Rubio v. Carlsbad Municipal School Dist.*, 744 P.2d 919, 923–24 (N.M. App.1987). That this action was dismissed on common-law procedural grounds does not make Congress' purpose less relevant, nor does it make the rule of *Hughes* less applicable.[8] Unless DeNardo's action was frivolous, unreasonable or without foundation, an award of attorney fees in favor of the Municipality would have the effect of discouraging meritorious civil rights actions. Although the Municipality prevailed, there is nothing in the record from which we could conclude that DeNardo's suit was frivolous, unreasonable or without foundation. Indeed, the trial court remarked in passing that his claim appeared to have merit.

## III. CONCLUSION

DeNardo has previously litigated the issue in the present case and lost. On those prior occasions the merits of his claim were reached. Therefore, the present action was properly dismissed under the doctrine of collateral estoppel. Thus, that decision of the superior court is AFFIRMED.

This case was decided on common-law grounds unrelated to the constitutional issues raised by DeNardo. Moreover, the trial court remarked that his claim appeared to have merit. On this record we cannot conclude that as a matter of law, DeNardo's claim was frivolous, unreasonable or without foundation. Therefore, it was improper for the trial court to award attorney fees to the Municipality. Thus, its award is REVERSED.

---

(2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

**8.** The Municipality's reliance on *Caputo v. City of Chicago*, 113 Ill.App.3d 45, 68 Ill.Dec. 843, 446 N.E.2d 1240 (1983), is misplaced. *Caputo* merely stands for the proposition that a state court need not award attorney fees under 42 U.S.C. § 1988 to a plaintiff who prevails solely on state or local grounds. *Id.* 68 Ill.Dec. at 845, 446 N.E.2d at 1242. The opinion says nothing about the propriety of awarding attorney fees to a prevailing defendant when the plaintiff's suit is not frivolous, unreasonable or without foundation. Moreover, the recent Supreme Court decision in *Texas Teachers Ass'n v. Garland Indep. School Dist.*, —— U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), defining prevailing party status for purposes of 42 U.S.C. § 1988, may cast doubt on the continuing validity of *Caputo*.