988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter H. BULLWINKLE, Plaintiff-Appellant,
v.
STATE OF ALASKA, Defendant-Appellee.
 No. 92-35591.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-91-034-JKS; James K. Singleton, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter H. Bullwinkle appeals pro se the district court's summary judgment in favor of defendant, the State of Alaska (the "State").[1] The district court held that the issues raised by Bullwinkle had been raised and adjudicated in an earlier action in Alaska state superior court and, therefore, Bullwinkle was barred by the doctrines of res judicata and collateral estoppel from relitigating those issues and claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the district court's summary judgment de novo. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 " 'It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.' " Hoffman Constr. Co. v. Active Erectors & Installers, Inc., 969 F.2d 796, 799 (9th Cir.1992) (quoting Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)), petition for cert. filed, 61 U.S.L.W. 3420 (U.S. Nov. 18, 1992) (No. 92-869). In Alaska, the doctrine of collateral estoppel "operates to preclude relitigation of issues when the issues have been actually litigated and determined in the first action by a valid and final judgment, and the determination must have been essential to the judgment." DeNardo v. Municipality of Anchorage, 775 P.2d 515, 517 (Alaska) (quotation omitted), cert. denied, 493 U.S. 922 (1989).
 
 
 5
 In November of 1986, the State filed an action in Alaska state superior court to condemn a portion of Bullwinkle's property over which the State claimed an easement. State v. 0.947 Acres, et al., No. 4FA-86-2479 (Alaska Sup.Ct. Sept. 9, 1991). In that action the state court confirmed that the State has a section line easement over Bullwinkle's property. The court held that (1) the Federal Land Policy and Management Act of 1976 did not revoke the easement; (2) the State was not required to have begun actual construction on the easement in order to accept the easement and that a legislative act was enough to perfect the easement; (3) the easement was not vacated by either the Alaska Railroad Transfer Act of 1982 or the repeal of 1923 Alaska Sess. Laws ch. 19; (4) the Alaska Territorial Legislature had authority to accept the easement; and (5) the scope of the federal government's conveyance of the easement in question was controlled by state law.
 
 
 6
 Bullwinkle subsequently initiated this action in federal court. In his second amended complaint, Bullwinkle sought declaratory relief regarding the parties' rights to the land on which the State claimed its easement, i.e., a determination of the validity of the State's easement. Bullwinkle raised the same grounds for his claim as he had in state court in the State's condemnation action.
 
 
 7
 The record shows that Bullwinkle actually litigated these issues in state court and that the state court rendered a valid final judgment on them. Moreover, because the purpose of the condemnation action was to acquire land for the widening of a road, the determination that the easement was valid was essential to the state court judgment. Accordingly, the district correctly found that Bullwinkle was precluded by collateral estoppel from relitigating these issues in federal court. See Denardo, 775 P.2d at 517.
 
 
 8
 Bullwinkle also sought a declaration regarding the extent of his federal land patent in relation to the State's claimed easement. On the surface, this claim appears to differ from the claims Bullwinkle raised previously. Nevertheless, the essential question underlying this claim was whether the State's easement was valid, a question the state court had already answered. Thus, the district court did not err by finding that Bullwinkle was precluded from relitigating this issue in federal court. See id.
 
 
 9
 Because the record shows that the issues raised by Bullwinkle in this action were litigated in and determined by the Alaska state court, the district court did not err by granting summary judgment for the State on the ground that Bullwinkle's action is barred by the doctrine of collateral estoppel. See Hoffman Constr. Co., 969 F.2d at 799; DeNardo, 775 P.2d at 517.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The State actually filed a motion to dismiss the action but the district court, noting that the State relied on materials outside the pleadings, correctly treated the motion as one for summary judgment. See Fed.R.Civ.P. 56(b)
 
 
 [2]
 The State contends the district court judgment should be affirmed on the ground Bullwinkle's action is barred by the eleventh amendment to the United States Constitution. We are not convinced, however, that the declaratory and injunctive relief Bullwinkle seeks is tantamount to an award of damages prohibited by the eleventh amendment. See Green v. Mansour, 474 U.S. 64, 73 (1985); Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir.1992) (citations omitted). We therefore decline to decide this case on the basis of the eleventh amendment or on any of the other grounds urged by the State