Daniel DeNARDO, Appellant,

v.

Louisiana CUTLER, Preston Gates &
Ellis LLP, Mark Rindner, Alaska
Cleaners, Inc., Appellees.

No. S–11976.

Supreme Court of Alaska.

Sept. 21, 2007.

Daniel DeNardo, Anchorage, pro se.

Jennifer M. Coughlin, Preston Gates & Ellis LLP, Anchorage, for Appellees Louisiana Cutler, Preston Gates & Ellis LLP and Alaska Cleaners, Inc.

James Cantor, Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellee Mark Rindner.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I.  INTRODUCTION

In this case Daniel DeNardo, for the third time, seeks a determination that Superior Court Judge Mark Rindner incorrectly dismissed his lawsuit in *DeNardo v. Alaska Cleaners, Inc.*[1] ("first lawsuit").  When that dismissal was on direct appeal before this court, DeNardo failed to post a cost bond, and we dismissed the appeal *sua sponte* in July 2004.  Two years later, in July 2006, we affirmed the dismissal of DeNardo's Alaska Civil Rule 60(b) motion to set aside the judgment in the first lawsuit.[2]  DeNardo's 2006 claim was that the actions of Alaska Cleaners constituted a fraud upon the court.  We rejected DeNardo's claim as "both untimely and inadequate on the merits."  In the present lawsuit, the third iteration of this case, DeNardo argues that the rulings in the first lawsuit constituted an abuse of process, and DeNardo has named as parties Alaska Cleaners, Inc., the lawyer and law firm that represented Alaska Cleaners in the first lawsuit, as well as Judge Rindner, the presiding judge in the first lawsuit.  DeNardo also argues that he has a valid 42 U.S.C. § 1983 claim against everyone but Judge Rindner, whose dismissal from the case is not at issue in this appeal.  DeNardo also argues that the superior court erred in awarding attorney's fees to Judge Rindner.  We conclude that

---

**1.**  Case No. 3AN–03–13497 CI (Alaska Super., March 11, 2004).

**2.**  *DeNardo v. Alaska Cleaners, Inc.*, Mem. Op. & J. No. 1256, 2006 WL 1868489 (Alaska, July 5, 2006).

DeNardo failed to establish the elements of an abuse of process or a § 1983 claim, and that the superior court properly awarded attorney's fees. Accordingly, we affirm the superior court's decision in all respects.

## II. FACTS AND PROCEEDINGS

### A. Facts

Daniel DeNardo filed a previous lawsuit in federal court against his employer, Alaska Cleaners, Inc. alleging unlawful termination due to age discrimination. In that lawsuit, Alaska Cleaners retained Preston Gates & Ellis LP ("Preston") for its defense, and Louisiana Cutler, a Preston partner, was primarily responsible for the case. Because DeNardo did not wish to divulge his address to opposing counsel (or provide a fax number), Cutler and DeNardo stipulated in a signed order that Preston could notify DeNardo by phone of a document to be served. DeNardo would then come to the Preston offices in Anchorage to receive hand delivery. Under the agreement, service was deemed completed as of 5 p.m. on the day the phone call was made. Preston alleges that in July 2003 the phone number provided by DeNardo was no longer in service and DeNardo refused to provide a new phone number or a physical address. DeNardo sought a voluntary dismissal of his federal case against Alaska Cleaners and refiled the case in state court under Case No. 3AN–03–13497.

DeNardo's state age discrimination claim was heard by Judge Rindner. Alaska Cleaners filed a motion to enforce a provision similar to the service stipulation that had been in effect in the federal case, requiring DeNardo to provide either a telephone number or physical address. DeNardo opposed this request, citing his right to privacy. In January 2004 Judge Rindner issued an order requiring DeNardo to provide Alaska Cleaners with his physical address and a working telephone number within five days. Judge Rindner noted that Civil Rule 76(d)(1)[3] requires parties to provide both a telephone number and an address and that, because it contemplates personal service, the requirement of a physical address is reasonable. In February 2004 Judge Rindner denied DeNardo's motion for reconsideration of the Order Regarding Telephone Contact and Address. Judge Rindner advised DeNardo to dismiss the case or file a petition to review the court's order with the supreme court if he did not wish to obey the court order. The judge warned that barring a reversal, DeNardo's failure to comply with the court order would result in sanctions including, potentially, dismissal of the case.

DeNardo did not comply with the court order and did not appeal the order. On February 23, 2004, Alaska Cleaners filed a motion to compel compliance with the court's order and for sanctions. In mid-March Judge Rindner dismissed the case without prejudice as a sanction for failing to comply with the court order. Judge Rindner entered a final judgment of dismissal without prejudice on March 23, 2004. On April 28, 2004 Judge Rindner granted Alaska Cleaners's motion for Rule 82 attorney's fees in the amount of $1,315. DeNardo appealed to the supreme court and moved to waive the cost bond. We denied DeNardo's motion to waive the cost bond, and when he failed to pay, dismissed the appeal *sua sponte* for want of prosecution. We denied DeNardo's subsequent petition for rehearing.

In July 2006 we heard a second iteration of this case when we affirmed the dismissal of DeNardo's separate Civil Rule 60(b) motion to set aside the judgment in the first lawsuit.[4] We held that his motion was "both untimely and inadequate on the merits."[5]

DeNardo's present lawsuit alleges that the dismissal of his first lawsuit was a result of abuse of process and violated his rights to due process.

---

**3.** Civil Rule 76(d)(1) provides:

*Attorney Information.* The name, address and telephone number of the attorney appearing for a party to an action or proceeding, or of a person appearing in propria personal, should be typewritten or printed in the left-margin of the first page of the document....

**4.** *DeNardo v. Alaska Cleaners, Inc.*, Mem. Op. & J. No. 1256 2006 WL 1868489 (Alaska, July 5, 2006).

**5.** *Id.* at *1.

## B. Proceedings

DeNardo filed the present lawsuit on March 22, 2004, before his motion for reconsideration of dismissal of the first lawsuit had been ruled upon. DeNardo sued Alaska Cleaners, Preston, Cutler, and Judge Rindner. His central claims, as advanced in his amended complaint, alleged abuse of process, stating that the defendants "conspired ... to delay and dismiss plaintiff's age discrimination action." DeNardo also argued that he had a valid 42 U.S.C. § 1983 claim against Alaska Cleaners, Preston, and Cutler, and that Civil Rule 5 did not require him to give his telephone number and thus his first lawsuit was unfairly dismissed. DeNardo's case was assigned to Superior Court Judge John E. Suddock.

On April 6, 2004, Judge Rindner filed a motion to dismiss the action with respect to himself because of judicial immunity. On April 26, 2004, DeNardo's answer to the motion apparently conceded that Judge Rindner did indeed have immunity. Judge Suddock issued a court order granting Judge Rindner's motion to dismiss on May 5, 2004, and issued a final judgment on all claims against Judge Rindner on July 6, 2004. The superior court awarded Judge Rindner $1,275 in attorney's fees on August 5, 2004, and denied reconsideration.

In February 2005 the remaining defendants moved for summary judgment. In April 2005 Judge Suddock granted the motion for summary judgment on the basis of (1) *res judicata* and collateral estoppel, (2) a finding that DeNardo's complaint did not satisfy the elements of an abuse of process claim, and (3) a finding that the 42 U.S.C. § 1983 claim failed as a matter of law because the defendants were not acting under color of law. The order noted that any one of the above reasons would have been sufficient to require dismissal of DeNardo's claims. Judge Suddock denied reconsideration of summary judgment on May 23, 2005. DeNardo appealed to this court on June 22,

2005, stating that he was appealing the summary judgment of April 2005 and the denial of reconsideration of May 2005. He also appealed the denial of his recusal motion and motion to compel discovery. On August 1, 2005, DeNardo amended his points on appeal to include the grant of attorney's fees to Judge Rindner. Judge Rindner included in his brief to this court a proposition that we should take some preventative action to control DeNardo's repeated filings.

At issue on appeal is: (1) whether the superior court properly dismissed DeNardo's abuse of process claim; (2) whether the superior court properly held that attorneys using the courts are not acting "under color of law" for the purpose of a 42 U.S.C. § 1983 suit; (3) whether Judge Suddock (and Judge Dan A. Hensley, the Third Judicial Presiding Judge who reviewed Judge Suddock's decision) erred in denying DeNardo's motions to disqualify Judge Suddock; (4) whether the superior court erred in denying DeNardo's motion to compel discovery; (5) whether the superior court abused its discretion in awarding attorney's fees to Judge Rindner; and (6) whether this court should take action to control DeNardo's repeated filings.

## III. STANDARD OF REVIEW

▬▬▬ We independently review the decision to dismiss DeNardo's 42 U.S.C. § 1983 and abuse of process claims on summary judgment, drawing all reasonable inferences in favor of the nonmoving party.[6] We will uphold summary judgment "only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law."[7] Additionally, we review *de novo* the question of whether collateral estoppel or *res judicata* applies.[8]

▬▬▬ "The independent standard of review ... applies to considering whether the trial court properly applied the law when awarding attorney's fees,"[9] while we review for "abuse of discretion a trial court's fact-

---

**6.** *Fuller v. City of Homer,* 113 P.3d 659, 662 (Alaska 2005).

**7.** *Id.*

**8.** *Renwick v. State, Bd. of Marine Pilots,* 971 P.2d 631, 633 (Alaska 1999).

**9.** *Ellison v. Plumbers & Steam Fitters Union Local 375,* 118 P.3d 1070, 1073 (Alaska 2005).

based decisions as to whether attorney's fees are reasonable and should be awarded."[10] We will overturn an award only when the award is "manifestly unreasonable."[11]

## IV. DISCUSSION

### A. The Superior Court Properly Dismissed DeNardo's Abuse of Process Claim.

The abuse of process tort comprises two elements: (1) "an ulterior purpose" and (2) "a willful act in the use of the process not proper in the regular conduct of the proceeding."[12] The ulterior purpose "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, but the use of the process as a threat or a club."[13] In *Kollodge v. State*,[14] we emphasized that the second element of the tort "contemplates some overt act done in addition to the initiating of the suit,"[15] and noted that threatening suit, initiating suit, and requesting discovery did not qualify as overt acts even if done for an ulterior purpose. Similarly, we held in *Meidinger v. Koniag Inc.*,[16] that "actions taken in the regular course of litigation ... cannot be a proper basis for an abuse of process claim."[17]

DeNardo claims that the appellee's ulterior motive was "retribution" because DeNardo had sued Alaska Cleaners. DeNardo argues further that the appellees wanted to "coerce DeNardo to abandon his cause of action" while they also, allegedly, wanted to "create a multiplicity of actions and appeals substantially increasing the costs and expenses of DeNardo's pursuit of his [r]ight of action." It is clearly incorrect to argue that appellees sought to have DeNardo's case dismissed in order to create more appeals. Additionally, DeNardo's claim is not sufficient to support any inference that the appellees were attempting anything other than the successful dismissal of a lawsuit, which is not an ulterior motive. For this reason alone, the superior court's dismissal of the claim was proper.

DeNardo never asserts a clear "willful act" other than the filing of motions which were ruled upon favorably. The superior court did not err in holding that an action taken in the regular course of litigation without an ulterior motive, such as the defendants' filing of a motion to compel compliance with a court order, cannot serve as the basis for an abuse of process claim.

### B. The Superior Court Properly Dismissed DeNardo's 42 U.S.C. § 1983 Claims Because No Defendant Was Acting Under Color of State Law.

DeNardo also sued Alaska Cleaners, Cutler, and Preston under 42 U.S.C. § 1983. That section provides a cause of action for deprivation of rights against persons acting "under color of any statute, ordinance, regulation, custom or usage, of any State."[18] In *West v. Atkins*[19] the United States Supreme Court explained that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of

**10.** *Marron v. Stromstad*, 123 P.3d 992, 998 (Alaska 2005).

**11.** *Id.*

**12.** *Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988).

**13.** W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121, at 897 (5th ed.1984). *See also Barquis v. Merchants Collection Ass'n*, 7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817, 825 (1972) (collection agency abused process where it instituted suits in improper county with ulterior purpose of making action more difficult to

defend, thereby forcing adversary to default or to settle on terms favorable to agency).

**14.** 757 P.2d 1024 (Alaska 1988).

**15.** 757 P.2d at 1026.

**16.** 31 P.3d 77 (Alaska 2001).

**17.** *Id.* at 86.

**18.** 42 U.S.C. § 1983.

**19.** 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

state law.' " [20]  The Supreme Court has also held that lawyers representing clients are not acting under color of state law: "It is often said that lawyers are 'officers of the court.' But . . . a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." [21]  Additionally, the court noted that "the absolute immunity traditionally accorded judges [is] preserved under § 1983." [22]

■ Private parties may come under the reach of § 1983 if they conspire with a state actor. [23]  But where that association is the basis for the necessary state action, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." [24]

■ Alaska Cleaners is a private corporation, Cutler is a private citizen not employed by the state, and Preston is a private law firm organized as a limited liability partnership. As appellees Cutler, Preston, and Alaska Cleaners note in their brief, lawyers using a courtroom to engage in private litigation are not acting under color of state law, and nothing in the record supports the notion that they "conspired" with a state actor. Cutler filed an affidavit specifically denying any ex parte communication with Judge Rindner and DeNardo has not presented any evidence whatsoever of a conspiracy.

DeNardo alleges that Cutler, Preston, and Alaska Cleaners acted under color of state law because they "could not obtain dismissal [of the first lawsuit] but for the intervention of the state chancellor as a state actor pursuant to state court procedures." This is not sufficient to support a finding of conspiracy with a state actor and use of the court system by private parties for the purpose of litigation is not sufficient to bring them under "color of state law." Thus, the superior court correctly dismissed DeNardo's § 1983 claims. [25]

### C. DeNardo's Claims Regarding Judge Recusal and Motions To Compel Discovery Need Not Be Addressed.

DeNardo also argues that Judge Suddock, the superior court judge who heard this case, erred in failing to recuse himself from this case and abused his discretion in failing to grant DeNardo's requests to compel discovery. Because DeNardo's abuse of process and § 1983 claims are insufficient as a matter of law, we need not reach the merits of DeNardo's procedural complaints from the present lawsuit.

### D. The Superior Court Did Not Abuse Its Discretion in Awarding Attorney's Fees to Judge Rindner.

■ In *Hughes v. Rowe*[26] the United States Supreme Court held that in order for attorney's fees to be awarded against a plaintiff in a civil rights action under 42 U.S.C. § 1983, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." [27]  The fact that a plaintiff loses his case, standing alone, is not sufficient for awarding the defendant attorney's fees. [28]  Judge Suddock specifically cited *Hughes* in his order granting attorney's fees and found that DeNardo's action more

---

**20.** *Id.* at 50, 108 S.Ct. 2250 (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)).

**21.** *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

**22.** *Owen v. City of Independence, Mo.,* 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

**23.** *See Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983).

**24.** *Id.*

**25.** Because we affirm the superior court's grant of summary judgment and dismissal of DeNardo's abuse of process and § 1983 claims, we need not address the superior court's alternative *res judicata* and collateral estoppel grounds for decision. *See M.J. S. v. State, Dep't of Health and Soc. Servs.,* 39 P.3d 1123, 1126 n. 12 (Alaska 2002) ("Our decision affirming the superior court on this ground makes it unnecessary to address the court's findings on alternative grounds. . . .").

**26.** 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

**27.** *Id.* at 14, 101 S.Ct. 173.

**28.** *Id.*

than met the standard, declaring it "vexatious and in bad faith." The Supreme Court held in *Christiansburg Garment Co. v. EEOC*[29] that while "bad faith" is not required for an award of attorney's fees in the analogous actions brought under Title VII of the Civil Rights Act of 1964, its presence provides "an even stronger basis for charging [the plaintiff] with the attorney's fees incurred by the defense." [30]

DeNardo misreads the law on this point and argues that 42 U.S.C. § 1988 "forbids the award of fees against plaintiffs" seeking to enforce a provision of 42 U.S.C. § 1983. In support of his proposition he cites *DeNardo v. Municipality of Anchorage*.[31] In that case, this court found that although DeNardo's action was barred by collateral estoppel, the award of attorney's fees was improper in a civil rights claim "[u]nless DeNardo's action was frivolous, unreasonable or without foundation." [32] The court found "nothing in the record" suggesting that DeNardo's suit was frivolous, unreasonable or without foundation.[33] On the contrary, the trial court in that suit "remarked in passing that his claim appeared to have merit." [34]

The record here is very different. There is no reason to believe that the superior court abused its discretion in deciding that DeNardo's claim met the standard of being frivolous, nor that the award of $1,275 was manifestly unreasonable. DeNardo may not sue a judge merely because he disagrees with a ruling.[35] That he persisted in doing so despite his apparent understanding of the law supports Judge Suddock's conclusion that he initiated the action in bad faith. We affirm Judge Suddock's award of attorney's fees.

### E. Future Action To Control DeNardo's Repeated Filings Against Judges

Though not a formal point on appeal, Judge Rindner in his brief argues that this court should take action to control DeNardo's repetitive pleadings, and in particular his lawsuits against judges. Rindner lists nine separate lawsuits that DeNardo has filed against judges since he was informed in *DeNardo v. Michalski* that judges are immune from lawsuit even when they allegedly violate a party's rights.[36] Judge Rindner has since supplemented the record multiple times with new suits brought by DeNardo.

Judge Rindner focuses on DeNardo's multiple suits against judges, though he also notes that as of the time of the filing of his brief, DeNardo had filed a total of thirty-seven known cases since 1990 in state and federal court. These suits, like the instant case, are often repetitive reiterations of prior lawsuits. Judge Rindner points out that

> [e]ach time DeNardo files another fruitless pleading against a judge, the judge must obtain representation at public expense from the Office of the Attorney General. It is sometimes necessary for the judge to provide notice of that representation to parties in litigation unrelated to DeNardo because the Attorney General's representation can raise conflicts in other cases pending before the judge. This raises the potential need to hire conflict counsel at public expense.

Judge Rindner makes compelling points about the costs to the court system and to the public of DeNardo's litigation against judges. In many ways, moreover, judges are the more fortunate of DeNardo's targets in litigation because they have judicial immunity and can extricate themselves from a case relatively quickly.

While rare, there is support in the case law for court orders prospectively limiting the litigation of a pro se litigant. The U.S. Su-

**29.** 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

**30.** *Id.* at 422, 98 S.Ct. 694.

**31.** 775 P.2d 515 (Alaska 1989).

**32.** *Id.* at 518.

**33.** *Id.*

**34.** *Id.*

**35.** *See DeNardo v. Michalski*, 811 P.2d 315, 317 (Alaska 1991) (holding that judicial immunity applies to all judicial actions within the scope of a judge's subject matter jurisdiction).

**36.** *See id.*

preme Court recognized in *In re McDonald*[37] that:

> Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end. Although we have not done so previously, lower courts have issued orders intended to curb serious abuses by persons proceeding in forma pauperis.[38]

Similarly, American Jurisprudence (Second) addressed this topic in its section on "Vexatious, frivolous, or oppressive litigation":

> Although litigiousness alone will not support an injunction restricting a plaintiff's filing activities, the courts have the authority to enjoin persons engaged in the manifest abuse of the judicial process, regardless of whether the threatened litigation is legal or equitable in character, or whether the vexatious litigation results from the prosecution of many suits by the same individual, or from many suits by different individuals. The courts may take creative actions to discourage hyperactive litigators so long as some access to courts is allowed, such as by limiting the amount of filings a litigant may make, and prescribing conditions precedent to those filings so as to determine the propriety of a suit on a case by case basis.

----

**37.** 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).

**38.** *Id.*

**39.** 42 Am.Jur.2d *Injunctions* § 191 (electronic edition, updated May 2006) (citing as examples of creative actions courts have taken *Abdul–Akbar v. Watson*, 901 F.2d 329 (3d Cir.1990) (require prior leave of the court to file); *In re Vincent*, 105 F.3d 943 (4th Cir.1997); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *In re Tyler*, 839 F.2d 1290 (8th Cir.1988); *Bd. of County Comm'rs of Morgan County v. Winslow*, 862 P.2d 921 (Colo.1993) (litigant could no longer appear pro se); *Howard v. Sharpe*, 266 Ga. 771, 470 S.E.2d 678 (Ga.1996) (require prior judicial approval); *Spickler v. Dube*, 644 A.2d 465 (Me.

. . . .

That the plaintiff had objective good faith in filing vexatious lawsuits in a Federal District Court is not a factor in determining the court's power to exercise control over abuse of that court as a legal forum by enjoining future pro se pleadings. . . . [39]

**[13]** While at least five states have statutory solutions to the problem of vexatious litigants,[40] courts also have inherent power to control this problem.[41] The Ninth Circuit has held that courts may issue "orders restricting a person's access to the courts" so long as they are "based on adequate justification in the record and narrowly tailored to the abuse perceived." [42]

Control of judicial resources is an important concern of our court system. A request for an injunction or other court order should be raised initially in the superior court in order to allow all parties the proper due process which must include a hearing, adequate justification in the record, and a narrowly tailored order. Because Judge Rindner's request for a court order controlling DeNardo's actions was raised for the first time on appeal, we decline to reach the merits of that request.

## V. CONCLUSION

Because the superior court properly ruled on DeNardo's claims, we AFFIRM the grant of summary judgment. Because the award of attorney's fees was not an abuse of discretion, we AFFIRM that award. But because

----

1994) (require prior judicial approval) (other footnotes omitted).

**40.** Cal.Civ.Proc.Code § 391 (2006); Fla. Stat. § 68.093 (2006); Haw.Rev.Stat. § 634J (2006); Ohio Rev.Code Ann. § 2323.52 (2006); Tex. Civ. Prac. & Rem Code Ann. § 11.054 (2005).

**41.** *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.").

**42.** *De Long v. Hennessey*, 912 F.2d 1144, 1149 (9th Cir.1990).

the request for an injunctive order was not raised in the superior court, we decline to reach Judge Rindner's suggestion that De-Nardo's future filings be restrained.