*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| TRACY HARRELL, personal representative of the Estate of WINNIE SUE WILLIS, and TRACY HARRELL and CINDY KLOXIN, Individually, | ) ) ) ) ) | Supreme Court No. S-16320 Superior Court No. 1KE-15-00267 CI |
| Appellants, | ) ) ) | O P I N I O N |
| v. | ) ) | No. 7197 – September 8, 2017 |
| BRIAN CALVIN, | ) ) | |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Ketchikan, Trevor Stephens, Judge.

Appearances: Michael A. Stepovich and Sandra K. Rolfe, Stepovich & Vacura Law Office, Fairbanks, for Appellants. Daniel T. Quinn and C. Cody Tirpak, Richmond & Quinn, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

A woman died in a house fire.  Her two adult children, having concluded that the cause of the fire was a neighbor's electric fish smoker, brought suit both on behalf of their mother's estate and as individuals, asserting claims for wrongful death and negligent infliction of emotional distress.  The superior court concluded that their suit was barred by two-year statutes of limitations and granted summary judgment for the neighbor.  The court also awarded the neighbor attorney's fees under Alaska Civil Rule 82 and entered judgment jointly and severally against the estate and the two individuals.

The plaintiffs appeal.  They argue that the superior court erred in granting summary judgment because the statutes of limitations were tolled by the "discovery rule."  They also argue that the court abused its discretion in assessing attorney's fees against them as individuals and in making them jointly and severally liable for the judgment.  We conclude, however, that the superior court properly applied the statutes of limitations and that it did not abuse its discretion in its attorney's fees award.  We therefore affirm the judgment.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Two families shared a duplex in Ketchikan.  In the upper unit lived Brian Calvin with his wife and child; in the lower unit lived Tracy Harrell with her husband, Klyn Kloxin, and her mother, Winnie Sue Willis.  On July 11, 2013, the duplex was destroyed by fire, and Willis was killed.

The South Tongass Volunteer Fire Department and the Alaska State Troopers responded to the fire and found Calvin, Klyn Kloxin, and Cindy Kloxin, Willis's other daughter, at the scene.  Klyn Kloxin told investigators he had smelled fish

smoking the night before "and assumed that Mr. Calvin was smoking fish," and Calvin confirmed that he had been operating his smoker. According to Calvin, he finished at 10:30 p.m., unplugged the smoker, removed the trays, "and as far as he knew everything was done." He told the Troopers that when he left for work at approximately five o'clock the next morning nothing was "out of the ordinary."

Robert Plumb, the State Deputy Fire Marshall, noted that the most severe fire damage was in the upper northwest side of the duplex. In the same corner of the building he found the remains of a Big Chief fish smoker in a pile of debris. Plumb interviewed Harrell, Calvin, and Klyn Kloxin on July 12, the day after the fire. Klyn repeated that he had smelled smoking fish the evening of July 10 and again the morning of July 11. Calvin again confirmed that he had smoked fish on his deck on the evening of July 10 but saw nothing amiss when he left for work the next morning. Klyn told another investigator, also on July 12, that "the upstairs neighbor [Calvin] had previously dumped ashes from the smoker on the ground outside" but he was not sure if this happened on July 10.

Besides the smoker, the investigators continued to actively consider several different causes, including an electrical fire originating near the roof or in the laundry room, a discarded cigarette, and "the possibility that someone intentionally set this fire." In January 2014 Harrell received a copy of Plumb's official report, which included Calvin's fish smoker as one of the fire's potential causes. In February Harrell was appointed personal representative of Willis's estate and retained a lawyer, who in turn retained a private fire investigator in June. The investigator concluded in October that it was "more probable th[a]n not" that "the fire originated on the second floor exterior deck" and that Calvin's "Big Chief smoker" was the cause.

## B.    Proceedings

Harrell and Cindy Kloxin[1] filed a complaint in superior court on July 20, 2015, two years and nine days after the fire.  Harrell brought survival and wrongful death claims on behalf of her mother's estate,[2] and she and Kloxin brought individual claims for negligent infliction of emotional distress.  The complaint alleged that "Brian Calvin was negligent in the use and operation of his Big Chief Smoker" and "[a]s a result of his negligence a fire started," which was "the direct and proximate cause of Winnie Sue Willis'[s] death."

Calvin raised a statute of limitations defense and moved for summary judgment on that ground.  Harrell and Kloxin argued in response that the statute of limitations was tolled by the discovery rule and that "there [were] genuine issues of material fact as to when . . . [they] had sufficient information to alert a reasonable person" to a potential cause of action.

The superior court concluded that a "two year statute of limitations . . . applie[d] to" all of Harrell's and Kloxin's claims.  It rejected the argument that the limitations period was tolled under the discovery rule, relying on evidence that Harrell and Kloxin knew by July 12, 2013, the day after the fire, that Willis had died in the fire and that Calvin's fish smoker "was under active consideration as a possible cause" of the fire.  According to the superior court, these facts would have put a reasonable person on

---

[1]    For clarity we refer to Cindy Kloxin hereafter as "Kloxin"; we refer to Harrell's husband as "Klyn."

[2]    Under AS 09.55.570, the decedent's personal representative has a cause of action for pre-death pain and suffering. *N. Slope Borough v. Brower*, 215 P.3d 308, 312 (Alaska 2009). Under AS 09.55.580, the decedent's personal representative may recover damages for wrongful death for the benefit of the decedent's dependents, if there are any, and otherwise for the benefit of the estate.

"inquiry notice" of a potential cause of action. The court accordingly granted summary judgment to Calvin.

Calvin moved for attorney's fees under Rule 82(b)(2) as the prevailing party. The court granted Calvin's motion and also ordered that Harrell, Kloxin, and the estate be jointly and severally liable for the attorney's fees award.

Harrell, Kloxin, and the estate appeal, arguing that the superior court erred in its ruling on the statutes of limitations and abused its discretion in its award of attorney's fees.

## III. STANDARDS OF REVIEW

We review a grant of summary judgment de novo.[3] "When reviewing a grant of summary judgment, our duty is to determine whether there was a genuine issue of material fact and whether the moving party was entitled to judgment on the law applicable to the established facts."[4] "Ordinarily, summary judgment is an inappropriate means of ascertaining when a statute of limitation commences."[5] "Where, however, there exist uncontroverted facts that determine when a reasonable person should have been on inquiry notice 'we can resolve the question as a matter of law.' "[6]

---

[3]     *Hurn v. Greenway*, 293 P.3d 480, 483 (Alaska 2013) (citing *State v. Sandsness*, 72 P.3d 299, 301 (Alaska 2003)).

[4]     *Palmer v. Borg-Warner Corp.*, 818 P.2d 632, 634 (Alaska 1990) (citing *Mine Safety Appliances Co. v. Stiles*, 756 P.2d 288, 291 (Alaska 1988); *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985)).

[5]     *Id.* (citing *Mine Safety*, 756 P.2d at 292; *Russell v. Municipality of Anchorage*, 743 P.2d 372, 375-76 & n.11 (Alaska 1987)).

[6]     *Id.* (quoting *Mine Safety*, 756 P.2d at 292).

"The superior court's decision to award attorney's fees is reviewed for abuse of discretion and is overturned only where the award is manifestly unreasonable."[7]

## IV. DISCUSSION

### A. The Superior Court Did Nor Err In Its Application Of The Statutes Of Limitations.

Statutes of limitations are "found and approved [of] in all systems of enlightened jurisprudence."[8] Their purposes are to encourage plaintiffs to promptly investigate and file civil suits[9] and to afford defendants "the right to be free of stale claims" after "time . . . prevail[s] over the right to prosecute them."[10] As properly applied, statutes of limitations thus "protect defendants and the courts from" litigation "in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise."[11]

---

[7] *Williams v. GEICO Cas. Co.*, 301 P.3d 1220, 1229 (Alaska 2013) (citing *DeNardo v. Cutler*, 167 P.3d 674, 677-78 (Alaska 2007)).

[8] *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *Wood v. Carpenter*, 101 U.S. 135, 139 (1879)).

[9] *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087, 1090 (Alaska 1979).

[10] *Kubrick*, 444 U.S. at 117 (quoting *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 349 (1944)).

[11] *Id.* (citing *United States v. Marion*, 404 U.S. 307, 322 n.14 (1971); *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965); *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945); *Mo., Kan., & Tex. Ry. Co. v. Harriman Bros.*, 227 U.S. 657, 672 (1913); *Bell v. Morrison*, 26 U.S. (1 Pet.) 351, 360 (1828)).

We have adopted a multi-part test to determine when a statute of limitations begins to run and whether its running can be tolled.[12] It begins to run in all cases when a cause of action "accrues."[13] "[A] cause of action accrues when a person discovers, or reasonably should have discovered, the existence of all the elements of the cause of action."[14] A person reasonably should know of a cause of action when she is put on "inquiry notice," that is, when she "has sufficient information to prompt an inquiry into the cause of action."[15]

Some injuries, like air crashes, do not generally occur absent negligence or wrongful conduct; in such cases the plaintiff has "an affirmative duty" at the time of injury "to investigate *all* potential causes of action before the statute of limitations expires."[16] But if a plaintiff "makes a reasonable inquiry" within the limitations period and that inquiry "does not reveal the elements of the cause of action" in time for the plaintiff to sue, then "the limitations period is tolled until a reasonable person [would]

---

[12] *See John's Heating Serv. v. Lamb* (*John's Heating II*), 129 P.3d 919, 923-24 (Alaska 2006).

[13] *See, e.g.*, AS 09.10.070 (stating that certain claims may not be brought "unless the action is commenced within two years of the accrual of the cause of action").

[14] *John's Heating II*, 129 P.3d at 923 (citing *Cameron v. State, Alaska Power Auth., Inc.*, 822 P.2d 1362, 1366 (Alaska 1991)).

[15] *Id.* (citing *Cameron*, 822 P.2d at 1366); *see also Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1275 (Alaska 2013) ("[T]he inquiry-notice date, rather than the actual-notice date, is generally the date from which the statutory period begins to run." (citing *Waage v. Cutter Biological Div. of Miles Labs., Inc.*, 926 P.2d 1145, 1148 (Alaska 1996); *Cameron*, 822 P.2d at 1366)).

[16] *Palmer v. Borg-Warner Corp.*, 818 P.2d 632, 634 (Alaska 1990) (emphasis in original) (citing *Mine Safety Appliances Co. v. Stiles*, 756 P.2d 288, 292 (Alaska 1988)).

discover[] actual knowledge of" her claim, or "would again be prompted" to investigate.[17]

Applying these principles to this case, we agree with the superior court's conclusion that the complaint was not timely filed. Harrell and Kloxin were on inquiry notice of their cause of action at least by July 12, 2013 — the day after the fire.[18]

Harrell and Kloxin agree that the limitations period governing their wrongful death claim is two years,[19] and they do not take issue with the superior court's conclusion that their remaining claims were also subject to a two-year limitations period.[20] The superior court did not identify the date on which it believed these limitations periods began to run, but it concluded that it must have been before July 20, 2013. The court found that Harrell and Kloxin "had enough information" before this date "to alert a reasonable person in [their] position that [they] had a potential cause of action . . . and that [their] injuries may be connected to Mr. Calvin's conduct." It listed a number of undisputed facts to support this conclusion: there was a fire, and the

---

**17**    *John's Heating II*, 129 P.3d at 924 (quoting *John's Heating Serv. v. Lamb* (*John's Heating I*), 46 P.3d 1024, 1031-32 (Alaska 2002)).

**18**    We recognize that the inquiry notice analysis may apply differently to two plaintiffs with differing levels of access to the relevant information. But Harrell and Kloxin do not argue that the superior court erred in attributing the same knowledge to both of them, so we likewise treat them together.

**19**    AS 09.55.580(a), "Action for wrongful death," provides in relevant part: "The action shall be commenced within two years after the death."

**20**    Under AS 09.10.070(a)(2), "a person may not bring an action . . . for personal injury or death . . . unless the action is commenced within two years of the accrual of the cause of action." *See Maness v. Gordon*, 325 P.3d 522, 525 n.11 (Alaska 2014) (explaining that AS 09.10.070(a) applies to "an emotional distress claim"); *Estate of Thompson v. Mercedes-Benz, Inc.*, 514 P.2d 1269, 1272 n.8 (Alaska 1973) (noting applicability of AS 09.10.070 to survival claim).

potential causes of any fire include negligence and arson; a "limited number of people" had "regular access" to the duplex, and Calvin was among that number; Harrell knew Calvin had been smoking fish the night before the fire; and Harrell knew from her discussions with fire investigators on July 12, including information provided by herself and her husband, that Calvin's smoker was "under active consideration" as a cause of the fire. A two-year period that began on July 12, 2013, expired on July 12, 2015, and the complaint filed on July 20 was time-barred.

Harrell and Kloxin argue that the superior court misapplied the discovery rule. They contend that "[o]ne of the essential elements of a cause of action is the identity of the tortfeasor," and that they did not have enough information to suspect Calvin until after July 20, 2013. As noted above, the superior court identified a number of undisputed facts that contradict this argument, including their own contemporary knowledge, relayed to the authorities, about Calvin's fish-smoking activities. But in any event, under the discovery rule a plaintiff need not have actual knowledge of any element of her cause of action for the limitations period to run; she need only have enough information to prompt a reasonable person to investigate further.[21] As we have said before, "the inquiry notice date, rather than the date when the inquiry should have produced knowledge of the elements of the cause of action, [is] the date from which the statutory period" runs.[22]

---

[21] *John's Heating II*, 129 P.3d at 923-24 (quoting *Cameron v. State, Alaska Power Auth., Inc.*, 822 P.2d 1362, 1366 (Alaska 1991)).

[22] *Cameron*, 822 P.2d at 1366. Determining the date of inquiry notice often "requires a 'fact-intensive' analysis." *Reasner v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 394 P.3d 610, 614 (Alaska 2017) (quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 509 (Alaska 2015)). "We have therefore cautioned that summary judgment should only be used to resolve the time at
(continued...)

The only exception to this general rule applies when a plaintiff makes a reasonable inquiry but still fails to acquire enough information "within the statutory period at a point where there remains a reasonable time within which to file suit."[23]  In such cases the limitations period may run from a later "actual notice" date instead.[24]  But Harrell and Kloxin do not allege that they failed to discover the elements of their cause of action within the statutory period; indeed, they admit that in October 2014, roughly a year and three months after the fire, Harrell received a private fire investigator's report concluding that "the cause of the fire was [Calvin's] Big Chief smoker."  At that point there were at least nine months remaining in the two-year limitations period for Harrell and Kloxin to prepare and file their lawsuit; they have not attempted to explain why this was not a "reasonable time" under the circumstances.  Since they acquired not just inquiry notice but actual notice within the limitations period while "a reasonable time [remained] within which to file suit," the superior court properly declined to use the "actual notice" exception to extend the limitations period.

Harrell and Kloxin argue that even under "[t]he inquiry notice" rule, as properly applied, the superior court erred because they were not on inquiry notice until July 29, 2013, when Harrell and her husband received a letter from Allstate informing

---

**22**(...continued)
which a statute of limitations commences when 'there exist uncontroverted facts that determine when a reasonable person should have' begun an inquiry to protect her rights." *Id.* (quoting *Palmer v. Borg-Warner Corp.*, 818 P.2d 632, 634 (Alaska 1990)).  And we have reversed summary judgment on statute of limitations grounds where there was "a genuine factual dispute" regarding the date of inquiry notice.  *Id.*  But there is no such factual dispute here — uncontroverted evidence shows that Harrell and Kloxin knew or should have known of their claims against Calvin on or before July 12, 2013.

**23**     *Cameron*, 822 P.2d at 1367.

**24**     *Id.*

them of the existence of a claim against its insured, Carl Thompson, the building's owner. According to Harrell and Kloxin, this was the "first possible indication that someone may have been negligent." But the letter does not discuss the fire or its cause, and it provides no factual basis for owner liability; it merely informs the reader that a claim has been filed and identifies the adjuster who is handling the claim. It does nothing to dilute the inquiry notice Harrell and Kloxin already had about their potential claims against Calvin based on his use of the fish smoker.

To reiterate the principal facts relevant to that notice: Harrell and Kloxin knew on July 11, 2013, that there had been a fire and that it had caused Willis's death. They knew that Calvin had been smoking fish on his upstairs deck the night before. They claim they had no reason yet to suspect he was negligent, but on July 12, the day after the fire, both Harrell and her husband, in interviews with the fire chief and the fire marshal, discussed at length Calvin's fish smoker in the context of the fire and its possible causes. The fire marshal noted in his report that Klyn Kloxin, Harrell's husband, "had smelled an odor he associated with fish smoking" the evening before the fire and that he "faintly smelled the same odor in the morning." The fire chief noted that he discussed with Klyn the location of the fish smoker, Calvin's "ash disposal process," the "storage area below where the smoker would have been located," and the smell of fish smoking the night before the fire. He noted that Harrell told him she had once seen "ash in a striped pattern on the ground" below the smoker "like it had fallen though cracks of the porch."[25]

---

[25] In addition to the content of these post-fire interviews, Calvin directs our attention to an article about the fire in the July 16, 2013 print edition of the *Ketchikan Daily News*, headlined "Smoker might be fire's cause" and reporting that the deputy fire marshal believed the "Big Chief electric smoker" to be one of two "likely sources" of the fire. The article did not factor into the superior court's decision because the court found

(continued...)

What Harrell and Kloxin knew about the circumstances of the fire on July 12, 2013, as recorded in Harrell's and her husband's conversations with the fire marshal and the fire chief, was enough to focus a reasonable person's attention on Calvin's fish smoker as a possible cause of the fire and on the possibility that Calvin was negligent. On these undisputed facts we must conclude that the superior court did not err. Because Harrell and Kloxin were on inquiry notice of a possible claim against Calvin by at least July 12, 2013, their complaint — filed over two years later — was not timely under the applicable statutes of limitations.

B.     **The Superior Court Did Not Abuse Its Discretion When It Determined That The Individual Plaintiffs Were Jointly And Severally Liable For Attorney's Fees.**

The second issue on appeal concerns the superior court's award of attorney's fees. The court awarded fees jointly and severally against the individual plaintiffs and Willis's estate, which Harrell and Kloxin claim was error in two respects. First, they argue that the court erred in assessing fees against the individuals because they could not be liable for the estate's fees and "the substance of their individual claims [was] never litigated." Second, they argue that joint and several liability is the exception, not the rule, and that in imposing such liability in this case the court failed to properly weigh the fact that the individual claims were merely secondary to the estate's claim. We conclude, however, that the superior court did not abuse its discretion.

---

[25](...continued)
no evidence that Harrell or Kloxin had actually seen it. We put no weight on the article because the evidence on which the court did rely was sufficient to support its decision.

### 1. The superior court did not abuse its discretion in awarding fees against the individual plaintiffs.

The representatives and statutory beneficiaries of a decedent's estate are liable for costs and fees only if they litigate in a personal rather than "representative" capacity.[26] Here, Harrell sued on behalf of the estate for "injuries and suffering sustained by . . . Willis" before her death. But Harrell and Kloxin also brought claims individually for negligent infliction of emotional distress.

Harrell and Kloxin argue that these claims did not make them parties in their individual capacities because the success of their emotional distress claims depended on the success of the estate's wrongful death claim, which they characterize as the "main" claim. They contend that "[t]here is no independent right to recover for bystander emotional distress; rather, the claim [depends on] success of the main claim for breach of duty."

We have held, however, that negligent infliction of emotional distress is a "personal" rather than a "derivative" cause of action.[27] "Unlike claims for loss of consortium, claims for emotional distress concern injuries that the claimants have suffered directly, rather than derivative injuries" based solely on injury to another.[28] Because Harrell and Kloxin brought their emotional distress claims in their personal capacities, they may be held liable for costs and fees.[29]

---

[26] *Zaverl v. Hanley*, 64 P.3d 809, 822 & n.45 (Alaska 2003).

[27] *State Farm Mut. Auto. Ins. Co. v. Lawrence*, 26 P.3d 1074, 1079 (Alaska 2001); *see also Allstate Ins. Co. v. Teel*, 100 P.3d 2, 5 (Alaska 2004).

[28] *Lawrence*, 26 P.3d at 1079.

[29] *See Zaverl*, 64 P.3d at 822.

Harrell and Kloxin further argue that "[a] review of [Calvin's] billing records . . . shows that all of [counsel's] time was expended in defending against the main claim [regarding the] statute of limitations." This seems correct. But the same limitations period applies to all Harrell's and Kloxin's claims, including their individual claims for negligent infliction of emotional distress.[30] Calvin's counsel relied on a single legal theory — that the plaintiffs were on "inquiry notice" before July 20, 2013 — to defend against all the claims. It was not unreasonable for the superior court to attribute counsel's efforts equally to the estate and individual claims.

We conclude that the superior court did not abuse its discretion in awarding attorney's fees against the individual plaintiffs.

### 2. The superior court did not abuse its discretion in awarding fees jointly and severally.

Harrell and Kloxin also argue that the superior court erred in awarding fees jointly and severally rather than apportioning fees among the three plaintiffs — the two individuals and the estate. Whether to award joint and several fees is "within the trial court's discretion,"[31] and we have affirmed joint and several fee awards where multiple plaintiffs "united" and "alleg[ed] the same cause of action,"[32] or where "the same issue was involved in each claim."[33]

---

[30] *See* AS 09.10.070(a)(2) ("[A] person may not bring an action . . . for personal injury or death . . . unless the action is commenced within two years of accrual of the cause of action."); AS 09.55.580(a) ("The action shall be commenced within two years after the death . . . .").

[31] *In re Soldotna Air Crash Litig.*, 835 P.2d 1215, 1223 (Alaska 1992) (citing *Stepanov v. Gavrilovich*, 594 P.2d 30, 36 (Alaska 1979)).

[32] *Stepanov*, 594 P.2d at 36.

[33] *Hughes v. Foster Wheeler Co.*, 932 P.2d 784, 792 (Alaska 1997) (quoting
(continued...)

Harrell and Kloxin argue that the parties' motion practice before the superior court in this case, and the court's decision on summary judgment, "had nothing at all to do with the substance or validity of the individual claims." While this is a correct statement of fact, as an argument against a fee award it is unavailing. The superior court did not reach the "substance or validity" of any claim because it granted summary judgment on statute of limitations grounds. The same limitations period applied to all claims, and Calvin's motion work in the superior court thus addressed both the estate's and the individuals' claims. Calvin's defense to all these claims involved "the same issue": namely, whether the plaintiffs were on inquiry notice of a possible claim against Calvin before July 20, 2013.

We will reverse an award of attorney's fees only if the award is manifestly unreasonable.[34] We conclude that the award of joint and several liability was reasonable because Calvin's single dispositive defense applied to the entire litigation. We therefore affirm the superior court's fee award.

## V.   CONCLUSION

The judgment of the superior court is AFFIRMED.

---

[33](...continued)
*Moses v. McGarvey*, 614 P.2d 1363, 1367 n.5 (Alaska 1980)).

[34]     *Williams v. GEICO Cas. Co.*, 301 P.3d 1220, 1229 (Alaska 2013) (citing *DeNardo v. Cutler*, 167 P.3d 674, 677-78 (Alaska 2007)).