**Daniel R. DENARDO, Plaintiff–Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Defendant–Appellee.**

No. 91–35853.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 1992 *.

Decided Sept. 10, 1992.

Daniel R. DeNardo, pro se.

Mark Johnson, Denis R. Lazarus, Municipality of Anchorage, Anchorage, Alaska, for defendant-appellee.

Before: HUG, D.W. NELSON, and NELSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

Daniel DeNardo appeals pro se the dismissal of his civil rights action against the Municipality of Anchorage and multifarious other defendants. DeNardo contends that the district court judge, Judge Singleton, erred in failing to recuse himself, and that the district court erred in dismissing the complaint on res judicata grounds after DeNardo failed to appear or show cause why the complaint should not be dismissed. We affirm.

 DeNardo contends that Judge Singleton should have recused himself because he is a member of the Alaska Bar Association, a named defendant, and be-

---

* The panel unanimously find this case suitable for decision without oral argument. Fed.  R.App.P. 34(a) and Ninth Circuit Rule 34–4.

cause DeNardo apparently sent a letter to the Senate Judiciary Committee opposing Judge Singleton's nomination. A judge is required to recuse himself under 28 U.S.C. §§ 144, 455 if an objectively reasonable person informed of the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the case. *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986); *United States v. Winston,* 613 F.2d 221, 222 (9th Cir.1980). DeNardo bears the burden of proving facts which justify recusal, *see Idaho v. Freeman,* 478 F.Supp. 33, 35 (D.Idaho 1979), and the district judge's decision not to recuse himself is reviewed for an abuse of discretion. *See Thomassen v. United States,* 835 F.2d 727, 732 (9th Cir. 1987).

Neither Judge Singleton's bar membership nor DeNardo's letter mandate recusal. The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association. *Pilla v. American Bar Ass'n,* 542 F.2d 56, 57–58 (8th Cir.1976). In this case, DeNardo has not explained what the Alaska Bar Association did, why they are named as a defendant, or why Judge Singleton should have a special interest in the outcome of this case. Judge Singleton was therefore correct in concluding that there were no facts presented which gave rise to an appearance of bias.

DeNardo apparently sent a letter to the Senate Judiciary Committee opposing Judge Singleton's nomination to the bench. This fact alone does not require recusal. Such a letter is probative of DeNardo's dislike for Judge Singleton, not the other way around. *King v. United States,* 576 F.2d 432, 437 (2nd Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Wolfson,* 558 F.2d 59, 62 (2nd Cir.1977). Courts which have considered whether testimony regarding a judicial nomination mandates recusal have uniformly concluded that it does not. *E.g. United States v. Helmsley,* 760 F.Supp. 338, 342–43 (S.D.N.Y.1991); *see also Warner v. Global Natural Resources PLC,* 545 F.Supp. 1298, 1301–02 (S.D.Ohio 1982) (party's support for judge's nomination does not require recusal). Because DeNardo has presented no evidence that his letter had any effect on the nomination process or on Judge Singleton's attitude towards him, he has not met his burden of demonstrating facts warranting recusal. *See Helmsley,* 760 F.Supp. at 343 (facts that counsel was alone in opposing judge's nomination and that judge did not respond to criticism warranted conclusion that judge was not biased against litigant or counsel).

The district court ordered DeNardo to appear and show cause why his claim should not be dismissed on grounds of res judicata and collateral estoppel. DeNardo failed to appear or to show cause. The district court was manifestly correct in dismissing DeNardo's suit on res judicata grounds. DeNardo has apparently litigated this precise claim unsuccessfully at least four times before. *See DeNardo v. Municipality of Anchorage,* 775 P.2d 515, 517 & n. 1 (Alaska) (discussing history of this litigation), *cert. denied,* 493 U.S. 922, 110 S.Ct. 287, 107 L.Ed.2d 267 (1989). He is not entitled to pursue the same unsuccessful claim forever.

The judgment of the district court is affirmed.

AFFIRMED.