**UNITED STATES of America, Plaintiff,**

v.

**Joseph P. EVANS, et al., Defendants.**

**No. 2:03–CR–00313PGC.**

United States District Court, D. Utah. Central Division.

May 21, 2003.

---

Richard D. McKelvie, Salt Lake City, Utah, for Plaintiff.

Ronald Yengich, Salt Lake City, Utah, for Evan.

Rod Snow, Salt Lake City, Utah, for Madsen.

## ORDER DENYING MOTION
## TO RECUSE

CASSELL, District Judge.

This matter is before the court on a motion by counsel for defendant Joseph P. Evans ("defense counsel"), seeking recusal of the undersigned judge pursuant to 28 U.S.C. § 455(a). The motion alleges that recusal is appropriate because defense counsel actively opposed the nomination of the undersigned judge more than one year ago during the confirmation process. In particular, the motion alleges that defense counsel "testified" against the nomination and "openly" opposed the nomination in ways that are not further specified.[1]

■■■■ The disqualification standard is set by 28 U.S.C. § 455(a).[2] Under this statute, a trial judge must recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."[3] In the recusal context, the reasonable person standard contemplates a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person."[4] Defense counsel bears the burden of proving facts that would justify recusal.[5] If the issue of disqualification is a close one, the judge must recuse.[6] On the other hand, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[7]

A few additional facts are relevant to the pending motion. The motion was filed on May 16, 2003. The President signed the commission appointing the undersigned judge one year and one day earlier—on May 15, 2002. The Senate had earlier voted to confirm the undersigned judge by a vote of 67–20 on May 13, 2002. Before the Senate vote, on March 19, 2002, the Senate Judiciary Committee held a hearing on the nomination (among several others). Defense counsel did not actually "testify" at the hearing. Instead, defense counsel mailed a one-and-a-half page letter opposing the nomination to the Committee, which was lodged as an exhibit to the hearing.[8] That letter is dated nine months earlier—June 28, 2001. Of the letter's six paragraphs, three state defense counsel's qualifications and the other three briefly state reasons for opposing the nomination. In his letter, counsel did not raise a personal conflict with the undersigned, but rather voiced general concerns over political attitudes and prior academic writings.

■■■■ Defense counsel argues that his letter is a "prior interaction" which gives "rise to the appearance of partiality."[9] However, defense counsel raises only an

---

1. Motion to Recuse at 1–3.

2. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir.1995).

3. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648 (10th Cir.2002).

4. *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir.1995) (citing *In re Matter of Mason*, 916 F.2d 384, 386 (7th Cir.1990)).

5. *See United States v. Pearson*, 203 F.3d 1243, 1276–77 (10th Cir.2000), *cert. denied,* 530 U.S. 1268, 120 S.Ct. 2734, 147 L.Ed.2d 995 (2000).

6. *See Bryce,* 289 F.3d at 659.

7. *Id.* (*quoting Nichols,* 71 F.3d at 351).

8. *See Confirmation Hearings on Federal Appointments: Hearings Before the Sen. Judiciary Comm.,* 107th Cong., 2d Sess. 695 (2002).

9. Motion to Recuse at 1.

allegation of partiality against him, not his client. Such an allegation is insufficient to require recusal. As the Tenth Circuit has instructed in interpreting a similar recusal statute (28 U.S.C. § 144), "the only claim of bias to be considered is that against a party."[10] While § 455(a) is broader than § 144 in certain respects, it is hard to see why it should be read more generously on this particular point. Other courts have reached similar conclusions. For example, the Eighth Circuit has held that "a controversy between a trial judge and an attorney for parties to an action would not require disqualification of the judge in absence of showing of bias or personal prejudice to the parties."[11] Similarly, the Federal Circuit has found that "[t]o warrant recusal, bias or prejudice must be directed against a party and bias exhibited against an attorney will only merit recusal when it results in material and identifiable harm to the party's case."[12]

Applying these standards, far more rancor between a judge and an attorney than is alleged here has been found to be insufficient to require recusal. For instance, the Tenth Circuit found no basis for disqualification "merely because a litigant sues or threatens to sue him."[13] The Fourth Circuit found no basis for recusal where a district court judge had called an attorney a "son-of-a-bitch" and a "wise-ass lawyer."[14] The First Circuit likewise found no question about a judge's ability to rule impartially where he had disparaged an attorney's testimony, called him an "untrustworthy manipulator," called his partner a "name dropper," and described their conduct as "dirty work."[15] Such an attitude toward the attorney, explained the Court, did not reasonably call into question the judge's ability to rule impartially as to the attorney's client.[16] Defense counsel's motion will therefore be denied on the grounds that it fails to establish partiality against his client.

■ Even assuming (contrary to prevailing law) that an appearance of bias against an attorney is a sufficient basis for recusal, the grounds alleged in the motion would fall well short of the appropriate showing. Defense counsel has a First Amendment right to petition members of Congress and to suggest how they should vote on judicial nominees. But such communications "are probative of [an attorney's] dislike for [a judicial nominee], not the other way around."[17] Defense counsel's communications "may very well establish [his] feelings toward [the court]", but they have "no tendency to show [the

**10.** *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987) (*citing United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985); *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1398 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820(1984)).

**11.** *Gilbert*, 722 F.2d at 1399.

**12.** *Baldwin Hardware Corp. v. Franksu Enterprise Corp.*, 78 F.3d 550, 557–58 (Fed.Cir. 1996), *cert. denied*, 519 U.S. 949, 117 S.Ct. 360, 136 L.Ed.2d 251 (1996).

**13.** *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977), *cert. denied*, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

**14.** *In re Beard*, 811 F.2d 818, 830 (4th Cir. 1987).

**15.** *In re Cooper*, 821 F.2d 833, 841 (1st Cir. 1987).

**16.** *See id.*

**17.** *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir.1992), *cert. denied*, 507 U.S. 945, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993).

court's] feelings towards" defense counsel.[18] The undersigned bears no animosity towards defense counsel for expressing his views.

Because of reasons such as these, "[c]ourts which have considered whether testimony regarding a judicial nomination mandates recusal have uniformly concluded that it does not."[19] For example, in a case involving a similar motion, a federal district court judge in the Eastern District of New York did not recuse where a criminal defense attorney alleged that he and other defense attorneys had "openly and vehemently" opposed the nomination.[20] The judge found the argument that an attorney's opposition to a nomination required recusal "particularly unpersuasive."[21] Similarly, another judge in the same district refused to recuse in a case involving Alan Dershowitz as a criminal defense attorney where Mr. Dershowitz had sent negative letters to the Senate Judiciary Committee and directly criticized the judge in an opinion in the *New York Times.*[22]

■ The reasons judges decline to recuse in such circumstances are easy to understand. There is a "well established judicial rejection of a rule that would permit a litigant or an attorney to disqualify a judge by criticizing him."[23] An attorney cannot create his own grounds for recusal. Moreover, if opposition to a judicial nominee were sufficient grounds for recusal, lawyers would be in a position to manipulate the court. By selectively sending letters of opposition to the Senate Judiciary Committee, they could pick and choose the judges before whom they appear. Compounding the problem, litigants who wish to avoid appearing before any particular judge could simply hire a lawyer who had opposed the judge's nomination.[24]

Nor would the scope of the problem be limited to attorneys who had sent letters *opposing* a judicial nomination. If the appearance of bias against an attorney was sufficient for recusal, then presumably bias *in favor of* an attorney would qualify as well.[25] If judges were to recuse because of letters in opposition to their nominations, then attorneys might be reluctant to provide letters in support of a nomination lest the judge they supported be barred from ever hearing their cases.

The Tenth Circuit has repeatedly instructed that the recusal statutes are not "intended to bestow veto power over judges or to be used as a judge shopping device."[26] Even death threats communicated directly to a judge by a criminal

**18.** *King v. United States,* 576 F.2d 432 (2nd Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978).

**19.** *Denardo,* 974 F.2d at 1201 (*citing, e.g., United States v. Helmsley,* 760 F.Supp. 338, 342–43 (S.D.N.Y.1991); *Warner v. Global Natural Resources PLC,* 545 F.Supp. 1298, 1301–02 (S.D.Ohio 1982)).

**20.** *United States v. Oluwafemi,* 883 F.Supp. 885, 888 (E.D.N.Y.1995), *appeal denied,* 62 F.3d 1412 (2nd Cir.1995).

**21.** *Id.*

**22.** *See Helmsley,* 760 F.Supp. at 343.

**23.** *Id.*

**24.** *See id.*

**25.** *Cf. Warner v. Global Natural Resources PLC,* 545 F.Supp. 1298, 1301–02 (S.D.Ohio 1982).

**26.** *Nichols,* 71 F.3d at 351 (citing *United States v. Greenspan,* 26 F.3d 1001, 1006 (10th Cir.1994) and *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993)).

defendant appearing before him have not required recusal. In fact, in such cases "it may normally be presumed that one of the defendant's motivations is to obtain recusal."[27] To recuse here on the basis of defense counsel's motion would inevitably lead to the forum shopping that the Tenth Circuit was warned against.

It is also relevant to note that the events giving rise to the alleged appearance of partiality all took place some time ago. The letter at the center of the motion is nearly two years old. The letter references academic writings that are more than five years old. Clearly, at some point, even a genuine appearance of partiality will begin to fade away. The matters alleged in defense counsel's motion are disappearing into the past.

As a final point, the Tenth Circuit has instructed that "[a] judge should not recuse himself on unsupported, irrational or highly tenuous speculation."[28] Defense counsel's motion rests on the speculation that judicial nominees are so thin-skinned that they will lash out against those who speak against them during the judicial confirmation process. This speculation is ill-founded. Today, federal judicial nominees fully understand that they will likely draw some fire. It is well known that the process has become more protracted and contentious in recent years and that it is the rare nomination that will be greeted with universal acclaim. To indulge in the presumption that mere criticism of a nominee is enough to force disqualification would stretch the recusal statutes far beyond their intended purpose and potentially force disqualifications in a large number of cases. The garden-variety opposition to a judicial nominee—such as alleged here—is not nearly enough to require recusal.

For all these reasons, the court DENIES the motion to recuse (Doc. # 17–1).

SO ORDERED.

---

**27.** *Greenspan,* 26 F.3d at 1006.

**28.** *Hinman,* 831 F.2d at 939 (citing *United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir.1986)).