**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES S. TATE, JR., M.D.,
        *Plaintiff-Appellant,*

v.

UNIVERSITY MEDICAL CENTER OF
SOUTHERN NEVADA; KATHLEEN
SILVER; BRUCE L. WOODBURY; TOM
COLLINS; CHIP MAXFIELD;
LAWRENCE WEEKLY; CHRIS
GIUNCHIGLIANI; SUSAN BRAGER;
RORY REID; MEDICAL AND DENTAL
STAFF OF THE UNIVERSITY MEDICAL
CENTER OF SOUTHERN NEVADA;
JOHN ELLERTON, M.D.; JOHN
FILDES, M.D.; MARVIN J.
BERNSTEIN, M.D.; BOARD OF
TRUSTEES OF UNIVERSITY MEDICAL
CENTER OF SOUTHERN NEVADA,
        *Defendants-Appellees.*

No. 09-16505

D.C. No.
2:08-cv-01183-
LDG-GWF
District of Nevada,
Las Vegas

ORDER

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted
February 9, 2010—San Francisco, California

Filed May 25, 2010

Before: Diarmuid F. O'Scannlain, Stephen S. Trott and
Richard A. Paez, Circuit Judges.

Order;
Concurrence by Judge Paez

7419

## COUNSEL

Jacob L. Hafter, Las Vegas, Nevada, filed the briefs and argued the cause for the plaintiff-appellant. Michael Naethe, Las Vegas, Nevada, also was on the briefs.

Lisa Wong Lackland, Lewis and Roca LLP, Las Vegas, Nevada, argued the cause and was on the brief for defendants-appellees Medical and Dental Staff of UMCSN, John Ellerton, M.D., John Fildes, M.D., and Marvin Bernstein, M.D. Thomas G. Ryan, Lewis and Roca LLP, Las Vegas, Nevada, filed the brief.

Lynn M. Hansen, Las Vegas, Nevada, filed the brief and argued the cause for defendants-appellees University Medical Center of Southern Nevada and Clark County Commissioners.

## ORDER

We must decide whether we have jurisdiction to review the district court's refusal to enjoin a hospital to reinstate a surgeon when he has since lost all of his clinical privileges at the hospital.

### I

James Tate, MD, is a board-certified general surgeon who was granted clinical privileges at University Medical Center ("UMC") by the Medical & Dental Staff of University Medical Center ("Staff"). UMC and Dr. Tate then entered into a Trauma Services Agreement, by which UMC employed Dr. Tate as a surgeon on the trauma on-call schedule. In August, 2008, however, UMC removed Dr. Tate from the trauma on-call schedule after an altercation between Dr. Tate and a patient's family.

Dr. Tate challenged that removal, pleading numerous causes of action. In particular, Dr. Tate brought a § 1983 claim, alleging that UMC, a county hospital, violated his Fourteenth Amendment due process right in his clinical privileges. The defendants moved to dismiss Dr. Tate's suit, including the § 1983 claim. Dr. Tate opposed that motion. He also moved for a preliminary injunction reinstating him on the trauma on-call schedule on the basis of his § 1983 claim.

The district court granted the defendants' motion to dismiss the § 1983 claim, holding that Dr. Tate failed to allege the deprivation of a property interest by defendants acting under color of state law. The district court, consequently, also denied Dr. Tate's motion for a preliminary injunction because Dr. Tate could not show a likelihood of success on the merits after the underlying § 1983 claim was dismissed.

Dr. Tate filed an interlocutory appeal of the district court's denial of his motion for a preliminary injunction. He also asked us to exercise pendent appellate jurisdiction over the district court's dismissal of the § 1983 claim, on the ground that it was "inextricably intertwined" with the subject of the interlocutory appeal. *Meredith v. Oregon*, 321 F.3d 807, 813 (9th Cir. 2003). While the appeal was pending, however, the Staff terminated all of Dr. Tate's clinical privileges because of his failure to comply with conditions the Staff placed upon their renewal.[1] The defendants then moved to dismiss this appeal as moot. In their view, we cannot grant effective relief because Dr. Tate cannot be restored to the trauma on-call schedule now that he no longer has any clinical privileges at UMC. We agree.

## II

A federal court "does not have jurisdiction to give opinions upon moot questions." *Am. Rivers v. Nat'l Marine Fisheries*

---

[1]Dr. Tate has challenged this action in a separate lawsuit.

*Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). A claim "is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A case may become moot at any stage. *Di Giorgio v. Lee*, 134 F.3d 971, 974 (9th Cir. 1998).

In this appeal, Dr. Tate seeks reinstatement on the trauma on-call schedule at UMC, despite no longer having clinical privileges at the hospital. But Dr. Tate is ineligible to practice medicine at UMC without clinical privileges. In fact, the Trauma Services Agreement between Dr. Tate and UMC provides for its own automatic termination if Dr. Tate no longer has clinical privileges. If Dr. Tate is ineligible to practice medicine at UMC, then he cannot be reinstated on the trauma on-call schedule at the hospital.

Dr. Tate argues that we can enjoin reinstatement because removal from the trauma on-call schedule is a "de facto" suspension of his clinical privileges, which are a protected property interest for due process purposes. In Dr. Tate's view, his case is not moot because reinstating him on the on-call schedule would restore his clinical privileges. But that is not true. An employment arrangement is distinct from clinical privileges: employment is merely one method among many of exercising clinical privileges at a hospital. *E.g.*, *Stears v. Sheridan County Mem'l Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162-63 (10th Cir. 2007). Here, Dr. Tate had only an employment agreement with the hospital to serve as the trauma on-call surgeon. After termination of that employment, he remained able to exercise his clinical privileges in other ways, until they were terminated. Because Dr. Tate's clinical privileges are distinct from his employment arrangement, reinstating his employment does not restore his clinical privileges. We simply cannot restore Dr. Tate's clinical privileges. The termination of Dr. Tate's clinical privileges, therefore, pre-

vents us from reinstating Dr. Tate on the on-call schedule, despite his argument to the contrary. Since we cannot order the reinstatement sought by Dr. Tate in his motion for a preliminary injunction, we cannot grant "effective relief" in his appeal of the denial of that motion.

## III

Therefore, this appeal is moot. Our jurisdiction over the district court's dismissal of the underlying § 1983 claim was premised on pendent appellate jurisdiction over matters "inextricably intertwined" with the denial of the preliminary injunction motion. Since we do not have jurisdiction over the denial of that motion on account of mootness, we also lack jurisdiction over the district court's dismissal of the underlying § 1983 claim.

**DISMISSED**. The Appellant's motion for judicial notice is **GRANTED**.

---

PAEZ, Circuit Judge, concurring:

I concur in the dismissal of Dr. Tate's appeal as moot. Because the defendants have revoked Dr. Tate's clinical privileges, and because we lack authority in this suit to restore those privileges, we cannot direct the district court to reinstate him on the trauma on-call schedule. Because we therefore lack the authority to grant any effective relief, this appeal is moot. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

I write separately, however, because the majority's order inappropriately opines on the merits of Dr. Tate's due process claim. "It has long been settled that a federal court has no authority . . . to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of*

*Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotations and citation omitted). Because the majority has exceeded its constitutional authority by deciding a question that cannot affect the disposition of this case, I cannot join the order.

Dr. Tate argues that his removal from the trauma on-call schedule violated his constitutionally protected property interest in his clinical privileges because the removal effectively precluded him from exercising those privileges. Although the majority stops short of explicitly deciding whether Dr. Tate has a protected interest in his placement on the trauma schedule, the order effectively forecloses his argument on the merits by unnecessarily concluding that his "clinical privileges are distinct from" his placement on the trauma schedule, and that Dr. Tate can "exercise his clinical privileges in other ways." Order at 7422. These conclusions have absolutely no bearing on whether Dr. Tate's appeal is moot and effectively decide the merits of Dr. Tate's moot claims.

First, Dr. Tate never made the argument to which my colleagues purport to respond when they discuss the relationship between Dr. Tate's clinical privileges and his placement on the trauma schedule. Contrary to the majority's assertions, Dr. Tate did not contend that reinstating him on the trauma schedule would restore his clinical privileges. Rather, Dr. Tate argues that the defendants should not be able to avoid judicial review of their actions by rendering this appeal moot by unconstitutionally revoking his clinical privileges. Dr. Tate's actual argument on mootness thus does not invite us to consider whether removal from the trauma schedule effectively deprived Dr. Tate of his protected clinical privileges.

Second, even if Dr. Tate *had* made the argument that the majority recites, my colleagues' conclusion that the removal from the on-call schedule did not amount to a revocation of clinical privileges is wholly unnecessary. Regardless of whether removal from the trauma schedule de facto revoked

Dr. Tate's clinical privileges, reinstating him to the schedule would not restore his independently revoked clinical privileges. Without those clinical privileges, Dr. Tate cannot obtain any relief from this court. The majority's discussion of the effect of Dr. Tate's removal from the trauma schedule is therefore utterly irrelevant to whether we can grant any effective relief in this case.

Because the majority has inappropriately opined on questions that cannot affect our disposition of this appeal, I cannot join in the order. I would dismiss the appeal as moot because the independent revocation of Dr. Tate's clinical privileges precludes us from granting any effective relief.