**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD ACKERMAN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STATE OF NEVADA DEPARTMENT OF CORRECTIONS; BRIAN E. SANDOVAL, in his official and individual capacity; ROSS MILLER, in his official and individual capacity; CATHERINE CORTEZ MASTO, Esquire; JAMES COX, in his official and individual capacity, <br><br> Defendants-Appellees. | No.  14-16696 <br><br> D.C. No. 2:11-cv-00883-GMN-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted October 20, 2016[**]
San Francisco, California

Before:  GRABER and MURGUIA, Circuit Judges, and COLLINS,[***] Chief

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, Chief United States District Judge

District Judge.

Howard Ackerman appeals the district court's orders denying a proposed class action settlement, decertifying a stipulated class, and denying his request for attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss in part and affirm in part.

1. We must raise issues of mootness sua sponte. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc). Ackerman admitted that, by May 2013, the Nevada Department of Corrections served food that was properly certified as kosher by an appropriate rabbinic organization. Ackerman did not file a motion to re-certify the class and did not oppose Defendants' motion to dismiss the case. And Ackerman states in his opening brief that he prevailed in the district court. Thus, Ackerman's claims are moot, and we lack jurisdiction to consider Ackerman's appeal of the district court's denial of a proposed class action settlement and decertification of the stipulated class. *See Tate v. Univ. Med. Ctr. of S. Nev.*, 606 F.3d 631, 634 (9th Cir. 2010) (holding that a court lacks jurisdiction when the issues in a case are no longer live).

2. The district court's decision denying a request for attorney's fees is

---

for the District of Arizona, sitting by designation.

reviewed for abuse of discretion. *Lane v. Residential Funding Corp.*, 323 F.3d 739, 742 (9th Cir. 2003). Under the Prison Litigation Reform Act (PLRA), a district court cannot award attorney's fees to a prisoner plaintiff unless the plaintiff proves "an actual violation of the plaintiff's rights." 42 U.S.C. § 1997e(d)(1)(A); *see also Kimbrough v. California*, 609 F.3d 1027, 1031–32 (9th Cir. 2010). Here, the district court denied Ackerman's request for attorney's fees because Ackerman never proved that his rights were actually violated, as required by the PLRA. The fact that Ackerman temporarily obtained a preliminary injunction does not establish that his rights were actually violated. *Kimbrough*, 609 F.3d at 1032. Ackerman does not identify any other decision that might qualify as a finding that his rights were violated. The district court did not abuse its discretion by denying Ackerman's request for attorney's fees.

      **DISMISSED in part; AFFIRMED in part.**