**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD FINLEY, | No. 15-17034 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00011-MMD-WGC |
| v. | |
| JAMES GREG COX; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| LEODIAS EDWARDS, | No. 15-17477 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00011-MMD-WGC |
| v. | |
| JAMES GREG COX; et al., | |
| Defendants-Appellees. | |

Appeals from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 26, 2017**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

In these companion appeals, Nevada state prisoners Edward Finley and Leodias Edwards appeal pro se from the district court's summary judgment in their 42 U.S.C. § 1983 action alleging violations of the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") arising from the denial of pre-packaged kosher meals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Finley and Edwards's First Amendment free exercise claims because Finley and Edwards failed to raise a genuine dispute of material fact as to whether being offered a common fare religious diet instead of pre-packaged kosher meals placed a substantial burden on Finley and Edwards's right to exercise their religion freely. *See Jones v. Williams*, 791 F.3d 1023, 1033 (9th Cir. 2015) ("[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs.").

The district court properly granted summary judgment on Finley and Edwards's Fourteenth Amendment equal protection claims because Finley and Edwards failed to raise a genuine dispute of material fact as to whether defendants

acted with discriminatory intent in offering the common fare religious diet instead of pre-packaged kosher meals to inmates who did not join a then-certified class action. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (under § 1983, plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection claim), *abrogated on other grounds as recognized by Shakur v. Schriro*, 514 F.3d 883, 884-85 (9th Cir. 2008).

We dismiss as moot Finley and Edwards's appeal of the district court's grant of summary judgment on the RLUIPA claim because it is undisputed that the common fare religious diet received kosher certification as of August 2012. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc) (mootness must be raised sua sponte because it is a jurisdictional issue); *Tate v. Univ. Med. Ctr. of S. Nev.*, 606 F.3d 631, 634 (9th Cir. 2010) (a court lacks jurisdiction when the issues in a case are moot).

We do not consider matters not specifically and distinctly raised and argued in appellants' opening briefs. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Finley's motion for appointment of counsel (Docket Entry No. 16) and Edwards's motion for appointment of counsel (Docket Entry No. 13) are denied.

**AFFIRMED.**

15-17034