**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANNE BLOCK, Esquire, an individual,

Plaintiff-Appellant,

v.

WASHINGTON STATE BAR
ASSOCIATION; et al.,

Defendants-Appellees,

WILLIAM SCHEIDLER,

Intervenor-Appellee.

No.    16-35461

D.C. No. 2:15-cv-02018-RSM

MEMORANDUM[*] and ORDER

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted February 7, 2019[**]
Seattle, Washington

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***] District Judge.

Plaintiff-appellant Anne Block appeals the district court's orders dismissing her amended complaint against defendants-appellees City of Gold Bar, Washington State Bar Association (WSBA), Snohomish County, Kenyon Disend, Sky Valley, City of Duvall, Port of Seattle, King County, and various individuals. She also appeals a vexatious litigant pre-filing order and orders awarding attorneys' fees to Kenyon Disend, Snohomish County, and City of Gold Bar. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

1. Block's motion for judicial notice is DENIED. WSBA's motion to strike the brief of proposed intervenor William Scheidler is GRANTED. Block's motions to strike are DENIED.

2. The district court did not abuse its discretion by denying Block's motions to disqualify because Block failed to identify any grounds for recusal. *See* 28 U.S.C. §§ 144, 455; *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association."). We therefore affirm the orders denying Block's motions to disqualify.

---

[***] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

2

3. The district court had discretion to award attorneys' fees to Kenyon Disend, Snohomish County, and City of Gold Bar pursuant to Federal Rule of Civil Procedure 11 and 42 U.S.C. § 1988 if it determined that Block's complaint was frivolous. *See Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 524 (9th Cir. 1994) (per curiam) (observing that fee awards pursuant to Rule 11 and § 1988 are warranted in response to frivolous actions). The district court concluded that Block's claims were frivolous, and Block fails to demonstrate on appeal that the district court erred in so concluding. We therefore affirm the fee awards.

4. Block argues that the district court abused its discretion when it imposed a vexatious litigant pre-filing order. Before imposing such an order, a district court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)). We strictly enforce these four requirements because this type of order affects a litigant's fundamental right to access the courts. *See id.* at 1061.

3

The district court imposed its pre-filing order sua sponte in response to Kenyon Disend's motion for Rule 11 sanctions. There is no indication that Block had notice of the pre-filing order or an opportunity to oppose it. We therefore conclude that the district court abused its discretion by issuing the pre-filing order without appropriate notice and opportunity to oppose. We vacate the order and remand for further proceedings in accordance with the four requirements set forth in *De Long*.

5. The district court did not abuse its discretion by denying Block's requests for extensions of time because Block failed to demonstrate good cause. *See* Fed. R. Civ. P. 6(b)(1). Block did not seek extensions in advance of the time her oppositions were due (in violation of the local rules), and she filed multiple motions of her own during the period in which she claimed she was unable to file oppositions. We therefore affirm the district court's orders denying extensions of time.

6. Because Block fails to coherently argue that the district court erred by granting defendants' motions to dismiss on res judicata grounds, we affirm the district court's order. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not

4

preserve a claim, particularly when, as here, a host of other issues are presented for review.").[1]

7. The district court did not err by dismissing Block's remaining claims against the WSBA, City of Duvall, Sky Valley, Port of Seattle, and King County, and various individual defendants. The district court correctly dismissed Block's suit against the WSBA and WSBA individual defendants on Eleventh Amendment and quasi-judicial immunity grounds. *See Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) (discussing immunity of a state bar and state bar judges and prosecutors); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (concluding the Washington State Bar Association is "an agency of the state" and not subject to liability under 42 U.S.C. § 1983).

With respect to City of Duvall, Sky Valley, Port of Seattle, King County, and the related individual defendants, we conclude that the district court did not err by dismissing Block's defamation, civil RICO, and retaliation claims. Block does not argue that her defamation claim was adequately pleaded for purposes of Federal Rule of Civil Procedure 12(b)(6). Moreover, Block fails to demonstrate

---

[1] We deem Block to have waived all other claims that were dismissed by the district court and not distinctly raised on appeal, such as Block's claim that the defendants violated the Americans with Disabilities Act. *See Greenwood*, 28 F.3d at 977.

that she satisfied her burden for alleging retaliation and civil RICO claims. *See, e.g., Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (discussing requirements for retaliation claim); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (discussing requirements for civil RICO claim). Accordingly, we affirm the orders dismissing Block's claims.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**

**Each party to bear its own costs on appeal.**