**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD TATE, as the Executor of the Estate of James S. Tate, Jr., M.D., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNIVERSITY MEDICAL CENTER, <br><br> Defendant-Appellee. | No. 16-17349 <br><br> D.C. No. 2:09-cv-01748-JAD-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 10, 2019[**]
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Plaintiff Richard Tate, executor of the estate of Dr. James Tate, timely

appeals the district court's entry of judgment, following a jury trial, in favor of

Defendants University Medical Center of Southern Nevada and others. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. The district court correctly rejected Plaintiff's attempts to reconsider his argument that his removal from the trauma on-call schedule was a de facto suspension of his clinical privileges. In Tate v. University Medical Center of Southern Nevada (Tate I), 606 F.3d 631, 634 (9th Cir. 2010) (order), we rejected that precise argument. That decision binds us and the district court as law of the circuit. See, e.g., Miranda v. Selig, 860 F.3d 1237, 1243 (9th Cir. 2017) ("[U]nder the law-of-the-circuit rule, we are bound by decisions of prior panels[] unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions." (internal quotation marks omitted and alterations)). The exceptions to the "law of the case" doctrine do not apply. Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc), aff'd, Arizona v. Inter Tribal Council of Ariz., Inc., 570 U.S. 1 (2013).

2. Plaintiff's challenge to the admission of unspecified "documents" is insufficiently briefed; accordingly, this argument is waived. See, e.g., United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . the argument, which must contain . . . appellant's contentions and the

reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]").

3.   We disagree with Plaintiff that Judge George erred by failing to recuse himself earlier in the proceedings.  In the circumstances, Plaintiff has not shown that there is "an impermissible risk of actual bias."  Williams v. Pennsylvania, 136 S. Ct. 1899, 1905 (2016).  Similarly, "an objectively reasonable person informed of the facts" would not conclude that Judge George's "impartiality might reasonably be questioned."  Denardo v. Municipality of Anchorage, 974 F.2d 1200, 1201 (9th Cir. 1992).

**AFFIRMED.**