**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN R. SCANNELL, Esquire, AKA Zamboni,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>WASHINGTON STATE BAR ASSOCIATION; et al.,<br><br>              Defendants-Appellees. | No. 19-35203<br><br>D.C. No. 3:18-cv-05654-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 6, 2020[**]

Before:      BERZON, N.R. SMITH, and MILLER, Circuit Judges.

John R. Scannell, a disbarred Washington attorney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging his disbarment and subsequent removal from the Washington Supreme Court ballot.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (dismissal on the basis of res judicata); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Scannell's claims relating to his removal from the Washington Supreme Court ballot as barred under the *Rooker-Feldman* doctrine because those claims are a "de facto appeal" of a prior state court decision. *Noel*, 341 F.3d at 1163-65 (discussing the *Rooker-Feldman* doctrine).

The district court properly dismissed Scannell's claims relating to his disbarment as barred by the doctrine of res judicata because Scannell raised or could have raised these claims in his prior federal action which resulted in a final judgment on the merits. *See Mpoyo*, 430 F.3d at 987 (elements of federal res judicata; claims are identical if they arise from the "same transactional nucleus of facts").

The district court did not abuse its discretion in denying Scannell's motions for recusal because Scannell presented no basis for recusal. *See DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (setting forth standard of review and explaining that "[t]he fact that [an appellant] sues a bar association does not require recusal of judges who are members of that bar

19-35203

association"); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (explaining that "a judge's prior adverse ruling is not sufficient cause for recusal").

The district court did not abuse its discretion in denying Scannell's requests for a preliminary injunction because Scannell failed to establish a likelihood of success on the merits of his claims. *See Winter v. Natl. Res. Def. Council*, 555 U.S. 7, 20, 24 (2008) (setting forth the standard of review and preliminary injunction standard).

We reject as meritless Scannell's contentions regarding the inapplicability of federal pleading standards in the State of Washington.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**