**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES STORM SHIRLEY, | No. 19-35176 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00215-LAB |
| v. | |
| UNIVERSITY OF IDAHO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Larry A. Burns, District Judge, Presiding

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

James Storm Shirley appeals pro se from the district court's order dismissing his action alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2017) (dismissal for mootness and lack of jurisdiction); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal under Eleventh Amendment immunity). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Shirley's ADA and RA claims for injunctive relief as moot because Shirley is ineligible for readmission to law school. *See Tate v. Univ. Med. Ctr. of S. Nev.*, 606 F.3d 631, 634 (9th Cir. 2010) (a court lacks jurisdiction when the issues in a case are moot).

To the extent Shirley seeks damages, dismissal of his ADA and RA claims was proper because Shirley failed to allege facts sufficient to show that defendants were deliberately indifferent to his need for accommodations. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (to recover monetary damages under ADA and RA, a plaintiff must show intentional discrimination; the test for intentional discrimination is deliberate indifference, and "bureaucratic slippage" or negligence does not amount to deliberate indifference).

We reject as meritless Shirley's contentions that the parties are diverse and that the district court was biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

2                                                                              19-35176

We do not consider documents not presented to the district court. *See*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**