# FILED



JUL 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNE BLOCK, | No. 18-35690 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00907-RSM |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| ANNE BLOCK, | No. 20-35025 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02018-RSM |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 8, 2021[**]
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Anne Block has filed several actions alleging that various state and local government entities, officials, and individuals, including the Washington State Bar Association ("WSBA"), targeted her in order to stop her from exposing government wrongdoing and cover-ups. These prior actions were dismissed, and two of those dismissals were affirmed by this court. *See, e.g.*, *Block v. Snohomish County*, 733 F. App'x 884 (9th Cir. 2018); *Block v. WSBA*, 761 F. App'x 729 (9th Cir. 2019).

In connection with one of those prior dismissals, the district court *sua sponte* imposed a vexatious litigant bar (hereinafter the "Initial Bar Order"). *Block v. WSBA*, 2016 WL 1464467 (W.D. Wash. Apr. 13, 2016). Block appealed the Initial Bar Order. Before this court ruled on that appeal, Block filed a new cause of action in the Middle District of Pennsylvania. That action was transferred to the Western District of Washington and then dismissed pursuant to the Initial Bar Order. After that dismissal, this court ruled on the appeal in the earlier case and vacated the Initial Bar Order for lack of notice. *Block*, 761 F. App'x at 731. On

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

remand in that case, the district court reimposed the vexatious litigant pre-filing

order (hereinafter the "Reimposed Bar Order"), which is identical to the Initial Bar

Order.

We have two appeals before us. We address them in turn.

**20-35025 Appeal**

This court vacated the "Initial Bar Order" for lack of notice. *Block*, 761 F.

App'x at 731. On remand, Judge Martinez reimposed the vexatious litigant

prefiling order. Block appeals the Reimposed Bar Order.

Before imposing a vexatious litigant bar, a district court must:

(1) give litigants notice and "an opportunity to oppose the order
before it [is] entered"; (2) compile an adequate record for appellate
review, including "a listing of all the cases and motions that led the
district court to conclude that a vexatious litigant order was needed";
(3) make substantive findings of frivolousness or harassment; and (4)
tailor the order narrowly so as "to closely fit the specific vice
encountered."

*Ringgold-Lockhart v. County of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting

*De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)). We strictly

enforce these four requirements because this type of order affects a litigant's

fundamental right to access the courts. *See id.* at 1061.

(1) There is no dispute that Block had adequate notice and an opportunity to

oppose the order on remand.

3

(2) The district court had an adequate record. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. Here, to show why a vexatious litigant bar was necessary, the district court referred to the long list of cases identified in opposing counsel's declaration that were previously dismissed, including two in which fees were awarded for frivolous litigation. *See Block*, 733 F. App'x at 889 (affirming district court order concluding that Block's claims were "entirely groundless and frivolous" and awarding fees under 42 U.S.C. § 1988); *Block*, 761 F. App'x at 730 (affirming Rule 11 sanctions). Moreover, contrary to Block's contention that the emails attached to the Soto declaration are barred under Federal Rule of Evidence 408, the emails do not seriously attempt to settle any action, but instead threaten Defendants with additional action. Because the emails were offered to prove Block's pattern of harassment, they were not offered "to prove or disprove the validity or amount of a disputed claim or to impeach," as is required under the rule. Fed. R. Evid. 408(a).

(3) Before a district court may issue a pre-filing injunction against a pro se litigant, it must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quotation marks and citation

omitted).  To make such findings, the district court needs to look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.  *Id.* (quotation marks and citation omitted).  Here, the district court noted that Block continued to send harassing emails threatening additional frivolous litigation.  In addition, Block has filed numerous unmeritorious suits, some of which were expressly found to be frivolous.  These facts demonstrate the frivolous *and* harassing nature of Block's actions.

(4) The vexatious litigant order must be "narrowly tailored" to the vexatious litigant's wrongful behavior.  The district court's order is narrowly tailored.  Block is not prevented from filing a lawsuit; she is only subject to a pre-filing order that requires a prescreening review to ensure that she does not continue to re-litigate claims.  Block is free to file potentially meritorious claims.  *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007).  Block argues the order is not narrowly tailored because Judge Martinez did not consider alternatives to the vexatious litigant order.  As support, she relies on *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986).  While the *Safir* factors may provide a "helpful framework" for analyzing the third and fourth *De Long* factors, the *Safir* factors have never been adopted by the Ninth Circuit.  *Molski*, 500 F.3d at 1057–58.  But, in any event, they would not warrant a different outcome here.

5

We therefore conclude that the district court properly reimposed the vexatious litigant order. We affirm the court's order in appeal No. 20-35025.

**18-35690 Appeal**

Block filed her 18-35690 action in the Middle District of Pennsylvania. She requests that the case be "remanded back to the third circuit for litigation to proceed there." This court lacks jurisdiction to review the Pennsylvania district court's transfer order. *See Posnanski v. Gibney*, 421 F.3d 977, 978, 980 (9th Cir. 2005). Accordingly, her request to remand is denied.

Block seeks to disqualify Judge Martinez from hearing her case based on his membership in the WSBA. This court has already rejected this argument. *See Block*, 761 F. App'x at 730. We again reject it in this appeal. Block supports neither her argument that Judge Martinez is biased or prejudiced against her, nor her argument that he has an economic interest in the outcome of the litigation. *See Riss v. Angel*, 934 P.2d 669, 682 (Wash. 1997) ("[T]here is considerable authority that the member of a nonbusiness nonprofit unincorporated association is liable . . . for torts only if the member participated in or ratified the action resulting in liability."); *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association.").

Judge Martinez was properly assigned to Block's action. The district court clerk had authority to reassign this case to Judge Martinez. While 28 U.S.C. § 137 provides that work must be divided among the judges of the court; it does not mandate how labor is divided. There is no appearance of impropriety. Judge Martinez was properly assigned to *Block v. WSBA* because it is a related case to Block's previous case. *See* W.D. Wash. Civ. L.R. 3(g).

Although the district court dismissed this action under the Initial Bar Order, the terms of the Reimposed Bar Order are identical, and we have affirmed that reimposed order. No purpose would be served by remanding the case for the ministerial purpose of dismissing it again under the identically worded Reimposed Bar Order. Under the now-validated terms of the bar order, the district court properly dismissed Block's complaint.

We affirm the court's orders in appeal No. 18-35690.

**AFFIRMED.**[1]

_____

[1]In 18-35690, the motion for judicial notice (DE 84) is GRANTED, but the first motion for judicial notice (DE 37), the motion to file a supplemental brief (DE 86), the motion for reconsideration of the clerk's order denying the motion to extend (DE 121), and the motion to consolidate cases (DE 122) are DENIED. In 20-35025, the motion to allow for correction of excerpts of record (DE 70) is GRANTED, but the motion to extend the time to file a reply brief and the motion to consolidate cases (DE 77, 78) are DENIED.