**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GANIYU AYINLA JAIYEOLA,

               Plaintiff-Appellant,

  v.

APPLE, INC.,

               Defendant-Appellee.

No. 23-16124

D.C. No. 5:23-cv-03462-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

   Ganiyu Ayinla Jaiyeola appeals pro se from the district court's order denying his motions for a preliminary injunction and a temporary restraining order ("TRO") in his federal and state law employment discrimination action. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion by denying as moot Jaiyeola's motion for a preliminary injunction enjoining Apple from terminating Jaiyeola's employment because Apple fired Jaiyeola while the motion was pending. *See Tate v. Univ. Med. Ctr. of S. Nev.*, 606 F.3d 631, 634 (9th Cir. 2010) (a motion for a preliminary injunction is moot when a court can no longer grant any effective relief sought in the injunction request).

We lack jurisdiction to consider the district court's order denying Jaiyeola's ex parte application for a TRO requiring Apple to reinstate Jaiyeola's employment because this order did not amount to the denial of a preliminary injunction. *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (explaining that an appeal ordinarily "does not lie from the denial of an application for a temporary restraining order" because such appeals are considered "premature," and that a district court's order denying an application for a TRO is reviewable on appeal only if the order is tantamount to the denial of a preliminary injunction).

Jaiyeola's motion to file a corrected opening brief (Docket Entry No. 12) is granted. The corrected opening brief has been filed.

Jaiyeola's motion to withdraw the motion for leave to file a motion for relief

2                                                                          23-16124

from judgment in the district court (Docket Entry No. 20) is granted. Jaiyeola's motion filed at Docket Entry No. 19 is deemed withdrawn.

Apple's motion to file under seal portions of the supplemental excerpts of record (Docket Entry No. 23) is granted. The Clerk will maintain under seal Docket Entry No. 23-3. The Clerk will file publicly the motion to maintain document under seal and declaration in support thereof (Docket Entry Nos. 23-1 and 23-2).

Apple's motion for judicial notice (Docket Entry No. 24) is granted.

**AFFIRMED.**